*Eastern District.*
*May,* 1830.

HITCHCOCK
*vs.*
HARRIS.

---

### *WILLIAMS vs. BETHANY.*

The plea of *res judicata,* like that of prescription, may be plead at any stage of the cause·

In a suit for holding over after the expiration of a lease, an offer of possession must be specially pleaded.

The deposition of a witness taken on a former trial for a previous year's rent, is proper evidence on a trial between the same parties for the rent of a subsequent year.

This was an action for rent, and damages done to the premises leased. After the **jury**

1L 316|
47  775|
---
1L 316
49 1048

WILLIAMS
*vs.*
BETHANY.

had been sworn, the defendant plead *res judicata* to that part of the petition which claimed damages. To the admission of this plea, the plaintiff objected, on the ground, that being in the nature of payment for damages, it was presented too late.

The plaintiff having made an ineffectual attempt to procure the attendance of two witnesses, Vaughn and Cooney, offered to read their depositions taken down by the clerk upon the same contract now sued upon, and contained in the record of the suit, which the defendant introduced as *res judicata.* The defendant objected to their depositions being read, on the ground that they had not been taken in the present action. There was a verdict and judgment for the defendant, and the plaintiff appealed.

*Watts,* for appellant.

1. The plea of *res judicata* came too late; it changed the issue and the cause was on trial.

2. The evidence of Vaughn and Cooney was improperly rejected.

3. The evidence of offer of possession was improperly admitted.

*Andrews,* contra.

*Res Judicata* is a peremptory exception, founded in law, and can be plead at any stage of the cause. C. P. 345, 346.

MARTIN, J. delivered the opinion of the court. This is an action on a written lease for rent and dilapidation. The defendant craved oyer and time to plead. After oyer, but before an answer was filed, a jury was impanneled, and the plea of *res judicata* to the dilapidation was filed. The defendants had a verdict and judgment, and the plaintiff appealed.

His counsel has urged that the plea ought not to have been received: improper evidence was received and properly rejected. The judge gave an erroneous charge, and judgment ought to have been given for the rent.

It has been urged that the plea came too late, as the cause was on trial, and the issue was thereby changed. *Code of Practice*, 419, 420.

The appellee's counsel has urged that the plea of *res judicata* is a peremptory exception, founded on law, and is pleadable at any time. *Ib.* 345, 346.

The articles of the Code relied on by the appellant's counsel, provides that the petition and answer may be amended after issue joined on leave; provided the plaintiff's amendments does not alter the substance of the demand, and the defendant's amendment is subjected to the same rule; and he may add new exceptions, not of the dilatory kind.

The articles filed by the appellee's counsel, provide, that peremptory exceptions, founded on matter of law, may be pleaded in every stage of the action previous to the definitive judgment; and such exceptions are said to be these, which, without going into the merits of the cause, show that the plaintiff cannot maintain his action, because it is either prescribed, or destroyed, or extinguished.

The plea of *res judicata*, like that of prescription, may be plead at any stage of the cause.

The exception of *res judicata*, like that of prescription, is one which does not go into the merits of the cause, but shows that the plaintiff cannot maintain his action, because it is destroyed or extinguished by a judgment. Such an exception is timely at any stage of the action before definitive judgment, and may therefore be pleaded after the trial has begun. It is no objection to it,

that it changes the nature of the defence, because such an objection lies only to exceptions on matters of fact, not to those on matters of law.

Eastern District.
*May,* 1830.

WILLIAMS
*vs*
BETHANY.

II. Evidence was given of an offer of surrendering possession, and the appellant complains that this was improperly permitted, as perfectly foreign to the issue, which was *res judicata vel non.*

The appellee's counsel has replied the evidence was proper, as the plaintiff claimed damages for the defendant's holding, even after the expiration of the lease.

In a suit for holding over after the expiration of a lease, an offer of possession must be specially pleaded

As the defendant did not plead such an offer, without the plaintiff was prepared to contradict it, the evidence was improperly admitted.

III. Vaughn being out of the state, and process of attachment against Cooney having been issued (on his failing to attend on a subpœna) without success, this testimony taken down in the suit between the same parties, (in which the judgment relied on in the plea of *res judicata* was given,) was rejected.

The appellant's counsel has referred us to the testimony of these witnesses, which comes up with the record, and contended it was

Eastern District.
*May*, 1830.

WILLIAMS
*vs.*
BETHANY.

The deposition of a witness taken on a former trial for a previous year's rent, is proper evidence on a trial between the same parties for the rent of a subsequent year.

properly rejected, as they relate to the plaintiff's demand for the first year's rent of the premises.

In a suit for holding over at the expiration of the lease, rent and dilapidation, many facts are proper evidence, which were proven on the claim of the first year's rent. The testimony was given in the presence of both parties, each had the opportunity of cross examination. We think the testimony ought to have been admitted. This case does not differ from that of *Hennen* vs. *Monroe*, which was for contribution, on a general average, for books of the plaintiff's in the defendant's vessel; in which testimony in a former suit between the same parties for injury to the plaintiff's books, through the defendant's neglect was admitted.

IV. We have not examined the judge's charge; the appellee's counsel having shown that it was made contrary to the wishes of his client, who alone excepted to it.

V. As the conclusion we have come to, on the third point renders it necessary to remand the case, we have not examined whether judgment ought to have been given for the second year's rent.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, the verdict set aside and the case remanded for a new trial, with directions to the judge to reject evidence of the offer of surrender of possession, and to admit the testimony of Vaughan and Cooney, the appellee paying costs in this court.