DIXON
vs.
EMERSON.

An attorney in
fact of the heirs
of a deceased
brother, who is
empowered to
compound mat-
ters concerning
the succession,
has authority
to compromise
with 'a co-heir
for his share, by
assuming the
payment on the
part of the other
heirs, of a note
held by the co-
heir against the
succession, after
it is barred by
prescription.

---

## DIXON vs. EMERSON.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE OF
THE SECOND PRESIDING.

The action to annul a mortgage made by a debtor, on the ground of fraud
as relates to creditors, must be commenced within one year from the date
of the judgment which the creditor seeking it, has obtained against the
debtor.

Evidence will not be received to show that a previous mortgage on certain property has been paid off, when there is no allegation in the petition of payment; nor to establish fraud against other creditors in executing the mortgage by the debtor, when the action to annul it is prescribed by the lapse of one year.

In an action to annul a conventional mortgage, as made in fraud of creditors, when the pleadings admit the existence of the act importing the mortgage, it is not necessary to offer it in evidence. The only question for the jury in such a case is, whether the mortgage should be rescinded, or annulled as fraudulent.

EASTERN DIST.<br>
January, 1836.<br>
<br>
DIXON<br>
vs.<br>
EMERSON.

This case commenced by an injunction to stay an order of seizure and sale obtained by the defendant against the property of W. Aborn, in the parish of Iberville, on which the plaintiff in injunction claims to have a higher mortgage.

The plaintiff obtained judgment against Aborn for one thousand five hundred and forty-seven dollars, which was recorded in the parish judge's office the 15th of October, 1834.

In January, 1835, Thomas Emerson, by his agent, H. Emerson, obtained an order of seizure and sale against the property of Aborn, under a mortgage executed by the latter to T. Emerson, in 1832, for endorsements he had paid and goods sold to a large amount.

The plaintiff alleges this mortgage is fraudulent and collusive, and made at a time when the said Aborn was in insolvent circumstances, and incapable of making or mortgaging his property to one creditor in preference to others. She prays for an injunction to stay the order of seizure, and that a curator *ad hoc* be appointed to defend the absentee in this case; and further, that she be decreed to be paid out of the proceeds of the property seized, in preference to said Emerson, in virtue of her judicial mortgage, &c.

Burk, appointed curator *ad hoc* to Emerson, excepted and moved to dismiss the suit on the ground that the action was prescribed by the lapse of one year, &c.; and that the plaintiff could not collaterally inquire into the validity of Emerson's mortgage, &c. He also answered, pleaded a general denial, and specially denied all the plaintiff's allegations and rights set up in her petition.

Upon these pleadings the parties went to trial. In the course of the trial several bills of exceptions were taken to the decision of the judge presiding, and which are fully stated in the opinion of the court. The cause was submitted to a jury, who returned a verdict for the defendant. From judgment rendered thereon, the plaintiff appealed.

*Labauve* and *Stacy*, for the plaintiff and appellant.

*Burk*, contra.

*Bullard, J.*, delivered the opinion of the court.

The plaintiff having a judicial mortgage on the property of one Aborn, procured from the court of the first instance an order on the sheriff, to hold in his hands the proceeds of a sale about to be made by him in pursuance of an order of seizure and sale against the same property, at the suit of Emerson, under a conventional mortgage of prior date. She claims to be paid out of the proceeds, in preference to the seizing creditor, on the allegations, 1st, That Aborn, the owner of the property, was in failing circumstances, at the time he gave the mortgage to the seizing creditor ; and 2d, That the mortgage was fraudulent, collusive and without consideration, and intended only to screen the property from the pursuits of his just creditors.

A curator *ad hoc* appointed by the court to represent the absentee, Emerson, put in an answer denying the fraud and collusion, and alleging that the mortgage was fairly given for valid considerations. He further pleaded prescription, and that proper parties had not been made, and denying the plaintiff's right to inquire collaterally into the validity of the mortgage. The verdict and judgment were in favor of the defendant and the plaintiff appealed.

So far as the plaintiff seeks to annul the mortgage to the defendant on the ground of fraud, we are of opinion that the plea of prescription is sustained by the evidence on the record ; more than one year had elapsed after the rendition of the judgment in favor of the plaintiff before this proceeding

The action to annul a mortgage made by a debtor, on the ground of fraud as relates to creditors, must be commenced within one year from the date of the judgment, which the creditor seeking it has obtained against the debtor.

was instituted, during which time the mortgage existed and appears to have been duly recorded. *La. Code, article* 1989.

It only remains to inquire whether the plaintiff has shown any privilege to be paid out of the proceeds in preference to the seizing creditor, according to article 401 of the Code of Practice. We think she has not. She has a judicial mortgage of a date subsequent to the conventional one under which the property was seized, and the conventional mortgage must first be satisfied.

On the trial below, the plaintiff offered a witness to prove the admissions of Warren Aborn, the common debtor, that the claim of Emerson had been long previously extinguished and paid for more than one half, and also the declaration of Aborn that the mortgage in favor of Emerson was entirely under his control. The evidence was rejected and a bill of exceptions taken. We are of opinion the court did not err in rejecting the evidence offered. The petition contains no allegation of payment, and so far as the admissions of Aborn would go to establish fraud, even if admissible, they could not in this case avail the plaintiff, because her action was prescribed.

Evidence will not be received to show that a previous mortgage on certain property has been paid off, when there is no allegation in the petition of payment; nor to establish fraud against other creditors, in executing the mortgage by the debtor, when the action to annul it is prescribed by the lapse of one year.

There is a further bill of exceptions to the charge of the judge to the jury. It appears that during the trial neither party offered in evidence any act or copy of mortgages from Aborn to Emerson, nor any power of attorney from Emerson to any person, but both parties expressly declared that they did not offer such acts in evidence; whereupon the court instructed the jury, that the plaintiff by intervening in the suit of Emerson *vs.* Aborn, and opposing the claims of Emerson, had admitted the existence, formality and genuineness of the acts of mortgage, declared upon by Emerson against Aborn, and that it was not incumbent on Emerson to produce in evidence, and prove the genuineness, dates and legal effect of said acts, against the claims of the plaintiff, but that the plaintiff was permitted to show only either the insolvency of Aborn at the time the mortgage was given, or that it was in fraud of the rights of other creditors.

In an action to annul a conventional mortgage, as made in fraud of creditors, when the plead-

EASTERN DIST.    The court, in this view of the case, did not, in our opinion,
January, 1836.   err.   The pleadings admit the existence of an act purporting
MORTIMER       to be a special conventional mortgage, in favor of Emerson,
vs.          on which an order of seizure and sale had already issued by
TRAPPAN'S
ESTATE.        the same court.    The only question submitted to the jury,
ings admit the  was the validity of that act in relation to the plaintiff.   It
existence of the
act importing  was surely not the duty of the defendant to give in evidence
the mortgage, it
is not necessary  an act whose existence forms the basis of all the proceedings
to offer it in evi-  in the case, and the court very correctly told the jury that the
dence. The on-
ly question for  only inquiry was, whether that act of mortgage ought to be
the jury in such
a case is, whe-  rescinded as fraudulent.
ther the mort-
gage should be
rescinded, or an-  It is, therefore, ordered, adjudged and decreed, that the
nulled as fraudu-
lent.          judgment of the District Court be affirmed, with costs.