Opinion of
Mr. Justice "Wheeleb,
dissenting in part.
I concur in the opinion that the exceptions to the legal sufficiency of the petition were rightly overruled; not, however, on account of the form of the exceptions, but for the reason that the petition did disclose a valid, subsisting cause of action. Of this, it seems to me, there can be no doubt. The court could not know, from the face of the petition, that the cause of action there set forth was not described accurately, according to the very truth of the case; and with all the specialty, particularity and certainty of which it was susceptible, and which was attainable by the plaintiff under the circumstances of the case. The court therefore could not adjudge the petition insufficient in law, as disclosing no cause of action. But if the cause of action was not set forth truly, according to the facts of the case, it was competent for the defendant, at the *490 trial, to have taken advantage of the varicmoe by objecting to the evidence, and if well founded in point of fact, the objection must have been sustained. But it appears that the proof ■corresponded with the allegations of the petition; and that the latter attained as great a degree of certainty as the nature •of the case would reasonably admit of, and as was practicable ■under the circumstances.
In the application made by the court of the distinction between dilatory and peremptory exceptions, I cannot concur. I understand these exceptions, respectively, as having a very ■different office and application assigned them in that, system of laws from which they are derived, from that ascribed to them in the present instance. La. Code of Prac. ch. 2, sec. 7, arts. 332, 343; 1 La. 315; 8 Martin, N. S. 280; .Code of Prac. ch. -.2, sec. 7, arts. 330 to 346 inclusive, and authorities cited.
The distinction taken by the court is that recognized by the English law between their special and general demurrers, and not that of the civil law respecting dilatory and peremptory ■exceptions; and it is a distinction which in my conception has ■no existence in our remedial system. In my. opinion, there is properly no general demurrer known to our laws; but exceptions should always assign specially the causes or grounds of objection. A different practice has, however, prevailed and ■become so inveterate, that I have felt constrained to yield to it my opinion of what the practice ought to be, believing that •a practice of such universal prevalence and so long acquiesced in ought not now to be disturbed. '