### No. 124.

### ALFORD, BETTIS & CO. *v.* W. B. HANCOCK & SONS.

1. The object of the laws regulating pleadings is due and fair notice.
2. A plaintiff in order to make proof of any substantial and material fact must allege it.
3. A plaintiff will not be permitted to prove a state of facts different from those upon which he has declared.
4. Where the items of a bill sued upon are set up as the result of direct dealings between plaintiffs and defendants, when the truth is, that plaintiffs hold such claim by assignment, the latter fact cannot be proven.
5. This is a question of pleading, and it is not affected by the fact that plaintiffs are the real owners of the claim, and payment to them would be a full discharge.
6. Where the law is clear and express, the courts have no discretion.
7. This Court will strictly enforce the laws of the State regulating pleadings.

*Appeal from the Civil District Court for the Parish of Orleans, Division B.   Rightor, Judge.*

B. F. *Forman* for plaintiff.

J. R. *Ferguson, Merrick, Race & Foster,* for defendants, appellants.

McGLOIN, J.—There are two principles of law, or we might say, applications of the same principle, which are fatal to demand of plaintiffs.   Code of Practice, article 174, § 4, is to this effect : " The petition must contain a *clear* and concise statement of the object of the demand, as well as of the *nature of the title,* or *the cause of action* on which it is founded."

The object of this provision, like all laws regulating pleadings, is to afford due and fair *notice.*   When a plaintiff has not set forth a material and principal fact, connected with his demand, and which necessarily should be stated as part of a fair disclosure of his cause of action, he has not complied with the law, and if the defect be not cured by the act or omission of defendant, he should not be permitted to prove it.   Therefore, the rule is, that what a plaintiff has not alleged he may not prove.

Doubere *v.* Papin, 4 Martin La. 186;  Spicer *v.* Lewis, 7 Mart. La. 221;  Center *v.* Torry, 8 Mart. La. 207 ;  Giraudet *v.* Mendiburn, 3 Martin La N. S. 511;  Dumartrait *v.* DeBlanc, 5 Mart. La. N. S. 38 ;  Ponsony *v.* DeBaillon, 6 Mart. La. N. S. 243 ;. Gardère *v.* Fisk, 6 Mart. La. N. S. 388 ; Benoit *v.* Hebert, 1 La. 214 ;  Hall *v.* Marshal, 6 La. 50 ;  La. State B'k *v.* Senecal, 9 La. 226 ;  Lyons *v.* Jackson, 4 Rob. La. 465 ;  Wells *v.* St. Dizier, 9 La. An. 119 ; Abat & Generes *v.* Penny, 19 La. An. 289 ; Caldwell & Shannon *v.* Neill Bros., 21 La. An. 342 ; Dubuys *v.* Farmer, 22 La. An. 478.   Also, Alexander *v.* Slocomb, etc., 9 La. An. 7 ; Dickson *v.* Emerson, 9 La. 107 ; Delogny *v.* Smith, 3. La. 420, Williams *v.* Bethany, 1 La. 319 ; Judice's Heirs *v.* Brent, 6 Martin La. N. S. 226.

If, still worse, a plaintiff has stated his cause of action differently from what it actually is, he has violated this law, and

cannot be permitted to prove a state of facts different from that which he has declared. His adversary is called upon to meet the claim, *as it is presented*, and is supposed to prepare his proof with that view alone. Therefore, the rule is, that the evidence tendered must be to the facts as alleged. In other words, the *allegata* and *probata* must agree.

Victoire *v.* Moulon, 8 Martin La. 400; Flogny *v.* Adams, 11 Mart. La. 548; Fisk *v.* Cannon, 1 Mart. La. N. S. 346; Pritchard *v.* McKinstry, 12 La. 226; Nichols *v.* Creditors, 9 Rob. La. 476; Bouche *v.* Michel, 10 Rob. La. 92; Riley *v.* Wilcox, 12 Rob. La. 652; Cohn & Bruen *v.* Levy, 14 La. An. 355; Roberts *v.* Hyde & Mackie, 15 La. An. 51; Shaw & Zuntz *v.* Noble, 15 La. An. 305; Hereford *v.* Lake, 15 La. An. 693; Duplantier *v.* Michoud, 19 La. An. 530; Drew *v.* Attakapas Co., 26 La. An. 306; Johnson *v.* Canal and Claiborne R. R. Co., 27 La. An. 53. See, also, Palfrey's Syndics *v.* Francis, 8 Martin La. N. S. 264; Priou *v.* Adams, 5 Mart. La. N. S. 693; Rodriguez *v.* Morse, 2 Mart. La. N. S. 358; Foster *v.* Dupre, 5 Mart. La. 13.

In this case, plaintiffs advance their claim as the result of direct and original dealings between themselves and the defendants. The facts are, that a firm of the same name and business of the present plaintiffs, occupied the stables of O. P. Alford, one of the plaintiff firm, until the end of June, 1880, when it dissolved by limitation. The balance due by defendants and another party, to the old firm, were assigned in the settlement to Alford, who seems to have conducted the business for some little time in his own name. Later, he formed a new firm, the one which is now suing, which, though having the same name as the dissolved co-partnership, was differently constituted. Before the institution of this suit two bills, or rather one bill, in two parts, was rendered the defendants. One, in the name of O. P. Alford alone, showed a balance due of $876.15. The other gave the particulars of subsequent dealings with Alford, Bettis & Co., showing a balance to the *credit* of defendants of $137.53. This balance was at the foot of the latter bill, a statement offset, or absorbed " by amount

due O. P. Alford, $876 15," and the remainder, $738.62, is that which is now sued for. The bill annexed to the petition makes all of this figure under the name alone of Alford, Bettis & Co., and the ones rendered before were brought into court by *sub-pœna duces tecum*, plaintiffs having secured their possession under pretence of copying and then refused to return them. The sum, therefore, due by defendants, if due at all, is a balance upon his transactions with O. P. Alford alone, or with the old firm of which he was the successor. In whatsoever manner the new firm acquired the claim, it was a material and principal fact, the recitation whereof was essential to a " clear and concise statement" of the cause of action. Not having alleged any transfer or assignment of the claim to them, plaintiffs could not prove it.

Furthermore, plaintiffs had alleged that all the items going to make up this unpaid balance had resulted from transactions originally between themselves and the defendants, and they should not be permitted to recover upon a state of facts different from those set up.

We see no merit in plaintiffs' bill of exception going to question the right of defendants to show this variance, upon cross-examination, and to avail themselves of it. They had the right to bring plaintiffs' witnesses down to details, when the latter had dealt with general and sweeping assertions of the correctness of the bill sued upon, and when the real facts were so drawn out, to avail themselves of the variance by proper objections and reservations. To hold differently, would be to enable a plaintiff, by vague or false swearing, to emancipate himself from the requirements of C. P. Art. 174, and defeat the wholesome rules of evidence and pleading to which we have just referred.

Nor does it make any difference, as contended for in a second bill, whether or not the account really belongs to the present plaintiffs, or whether Alford has estopped himself from demanding the indebtedness from defendants, and so removed all danger to them of paying twice. The issue is not one of

individual right or particular justice, but of pleading alone. In framing these general laws of pleading, the Legislature had in view the *general good*, and the Courts must uphold them by their application to the particular cases within their scope, without enquiring into peculiar features of each.

Recognizing the necessity of fixed and certain rules in this connection, and the baneful effect of attempting to bend the law to meet the equity of particular cases, whereby an uncertainty is introduced that is harrassing and detrimental to the interests of the general public, this Court shall endeavor to enforce the law as it is written. The great advantage of express legislation is that it relieves the affairs of men from that incertitude and liability to perpetual, and often retroactive, change, which must result, where matters are dependent alone upon the opinions, as to equity, of tribunals whose judges are being constantly changed. When courts, in face of written law, allow themselves a latitude to enforce, deny or modify it at will, to meet the exigencies of particular cases, to say the least, they deprive the people of the principal advantage which they might expect from a code of written laws.

Judgment reversed, and plaintiffs' demand dismissed as in case of nonsuit.

Rehearing refused.