No. 14,120.

STATE OF LOUISIANA vs. SONNY ALEXANDER.

SYLLABUS.

1.  In a contest over a fund in court the contestants need not file formal answers or exceptions to each other's pleadings; but may urge without pleading same all objections they may have to each other's claims, whether such objections be founded on law or on fact.

State vs. Alexander.

2. Where all the facts necessary to support a plea of *res adjudicata* are to be found in the record, such plea may be filed in the Supreme Court.

3. The judgment on a rule to distribute proceeds may serve as a basis for *res adjudicata*, although not signed.

A PPEAL from the Criminal District Court, Parish of Orleans.— *Baker, J.*

*George W. Flynn,* for Plaintiff in rule, Appellee.

*Albert Voorhies,* for Nicholas Gaspar, Surety, Defendant in rule, Appellant.

*Henry Garland Dupre,* Assistant City Attorney, and *Samuel L. Gilmore,* City Attorney, for the City of New Orleans, Defendant in rule, Appellee.

The opinion of the court was delivered by

PROVOSTY, J. The appearance bond of the defendant was forfeited, and for the amount of the bond a judgment was entered against the surety. Under this judgment the property of the surety was sold, and the price was received by the sheriff. This price exceeded the amount of the bond. The sheriff died without having distributed the money thus received, and the administratrix of his succession obtained from the court an order for turning over the fund to the present sheriff. The present sheriff, treating this order as a rule to show cause, made answer to it; he averred that he was not obliged to receive this money, that it should be paid to the party in interest, the City of New Orleans; and he prayed that the City of New Orleans be ordered to show cause why the money should not be paid to her. The city pleaded that she was entitled to $500.00 of the sum, and she prayed that this amount be paid to her. Thereupon, the administratrix came in with a motion that the surety be likewise made a party, he having an interest for the excess of the money after satisfying the claim of the city. The surety pleaded that the judgment of forfeiture and the sale made thereunder were absolute nullities; because, among other reasons, the accused had been re-arrested, and after such arrest had been discharged by *nolle prosequi;* he excepted to the proceeding by rule, and gave notice of his intention to bring suit thereafter to annul the judgment and the sale; and he prayed that matters be held in *statu quo* to

await the termination of this said intended suit; and he prayed, further, in the alternative, and "as a last resort," that the entire fund be given to him. In this court both parties have filed further pleadings. The surety has filed an assignment of errors, in which he has set out fully the grounds on which he relies for claiming that the judgment of forfeiture and the sale made thereunder are null, and for objecting to the distribution of the fund. The City of New Orleans has pleaded *res adjudicata* against the demands of the surety. This plea of *res judicata* is founded on the fact that heretofore the same demand has been made by the same surety, in the same case, contradictorily with the same parties, before the same court, and been rejected by judgment now final.

This plea is borne out by the facts, and has to be sustained. Such a plea, when based on facts to be found in the record, may be filed in this court. Carpenter vs. Beattie, 12 R. 440; Code of Practice, 346. But there was no need to file the plea. The answer of the surety to the rule was, without plea, open to every objection of law and fact. Hennen, Vol. 1, page 1155, No. 1; Succession of Romero, 28 Ann. 607; Succession of Plauchet, 29 Ann. 521; Succession of Ames, 33 Ann. 1325; Succession of Sparrow, 39 Ann. 700. The proceeding was a contest over a fund; issue did not need to be joined as between the several contestants, by formal pleadings; the issue was tacitly formed between them, each denying the claims of the others. The claim of each was open to all the objections of law and fact that every other could bring against it without need of formally pleading such objections.

The judgment thus pleaded as *res adjudicata* was not signed; but it did not need to be; it was merely incidental, distributing a fund realized under the main judgment. Fox vs. Kio, Executor, 1 Ann. 334.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be maintained at the cost of the appellant.

Rehearing refused.