## TEMPLE v. FORGY HANSON & McCOR-KLE, Inc., et al.

### No. 1260.

Court of Appeal of Louisiana. First Circuit.

Dec. 4, 1933.

Gus A. Voltz, of Alexandria, for appellant Blackwell.

Newman & Jones, of Leesville, for appellant Forgy Hanson & McCorkle.

Woosley & Cavanaugh, of Leesville, for appellee.

ELLIOTT, Judge.

Isaac F. Temple, doing business under the name of Simpson Mercantile Company, alleges that he furnished Temple & Blackwell, subcontractors under Forgy Hanson & McCorkle, Inc., with materials and supplies in amount $320, used by them in the construction of the Simpson-Seiper highway in the parish of Vernon. That Forgy Hanson & McCorkle, contractor under the parish of Vernon for the construction of said highway, furnished the statutory bond required for such work with the Union Indemnity Company of New Orleans as its surety. That Temple & Blackwell, the parish of Vernon, Forgy Hanson & McCorkle, Inc., and the Union Indemnity Company are therefore indebted unto him in the sum of $320 due him on said account.

That Temple & Trotti also furnished Forgy Hanson & McCorkle, Inc., contractor for the performance of said work, materials to the amount of $260 used by the contractor in the construction of said work.

That various parties, namely, S. G. Parker, J. B. Weir, J. T. Temple, C. E. Blackwell, W. L. Bennett, Elijah Lewis, H. E. Walding, and Temple & Trotti had each recorded a claim against the contractor and the parish of Vernon in the mortgage books of the parish of Vernon, and that said registry operated as a lien and privilege against the fund due the contractor by the parish of Vernon on said account.

That the police jury of the parish of Vernon had accepted the highway as completed and finished and having in their possession and control funds due the contractor sufficient to pay all the legal and valid claims existing and recorded as above said, the police jury should be ordered by the court to deposit the amount due to Forgy Hanson & McCorkle, Inc., on account of said work in the registry of the court to the end that all claimants may assert their rights against the fund in concurso as the law provides, and the records of the parish of Vernon cleared as to said incumbrances.

The court granted a proper order, the claimants were all cited, but only Forgy Hanson & McCorkle, Inc., the police jury of the parish of Vernon, and Temple & Blackwell filed answers contesting plaintiff's claim, and of each other, and all recorded claims.

The police jury acknowledged that they held in their hands the sum of $944.10 due Forgy Hanson & McCorkle, Inc., under its contract on account of said construction. They deposited the amount in the registry of the court and prayed the court to distribute the amount by its judgment among those entitled thereto, and that all recorded liens and privileges be canceled.

Forgy Hanson & McCorkle, Inc., appeared, admitted various averments in the petition of the plaintiff, denied others, and denied that it was indebted unto the plaintiff, alleging that the amount claimed by him was due,

if due at all, by Temple & Blackwell to whom the supplies and materials had been furnished. It furthermore alleges that Temple & Blackwell gave bond and surety in its favor as subcontractors for its protection under its contract with them, and that the plaintiff, Isaac F. Temple, signed the said contract as surety for Temple & Blackwell. It prayed that all of the claims against the said fund be rejected, and that I. F. Temple be held as surety in its favor for the performance by Temple & Blackwell of their undertaking under the contract.

Temple & Blackwell appeared and denied that they were indebted to the plaintiff. They allege that Forgy Hanson & McCorkle, Inc., the Union Indemnity Company, as its surety, and the parish of Vernon are indebted unto them in the sum of $543.11 on account of work done for and supplies and materials furnished Forgy Hanson & McCorkle, Inc., in the construction of said road. Each of the parties asserted a privilege against the fund that had been deposited in the registry of the court, prayed to be recognized as a privileged creditor, and that all claims and privileges asserted by others against the fund be rejected.

There was judgment in the lower court in favor of Isaac F. Temple and against the police jury of the parish of Vernon, Forgy Hanson & McCorkle, Inc., Temple & Blackwell, T. J. Temple, and C. E. Blackwell in the sum of $320 with interest, and he was ordered paid out of said fund with' privilege.

There was judgment in favor of Temple & Trotti for $260 with interest against the police jury, Forgy Hanson & McCorkle, Inc., and ordering them paid out of said fund with privilege.

There was judgment in favor of Temple & Blackwell against Forgy Hanson & McCorkle, Inc., and the police jury for $543.11 with interest, and ordering them paid out of said fund with privilege. The other claims recorded in the mortgage book were not established, and all claims, after those allowed, were ordered canceled.

C. E. Blackwell and Forgy Hanson & McCorkle have appealed.

It is well to state that Temple & Blackwell is a firm composed of T. J. Temple and C. E. Blackwell, and that Temple & Trotti is a firm composed of I. F. Temple, the plaintiff, and Madison Trotti.

■Temple & Blackwell in answering the demand of I. F. Temple do not plead payment, but during the course of the trial they offered evidence the purpose and object of which· was to show that they had paid amounts due by Isaac F. Temple and for which they were entitled to credit against his account against them, and if given credit therefor they owed him nothing. .

The plaintiff objected, contending that evidence for the purpose was not admissible; payment as a defense not having been pleaded.

The lower court received the evidence subject to the objection. He did not file written reasons for judgment, and it cannot be determined from the record whether in deciding the case he considered the evidence which Temple & Blackwell offered on the subject or not.

Plaintiff's objection should have been sustained. Under our practice, a plea of payment must be specially pleaded. Temple & Blackwell contend that an exception to the rule exists on a trial in concurso, citing State v. Alexander, 106 La. 460, 31 So. 60. In that case the court said: "The proceeding was a contest over a fund. Issue did not need to be joined as between the several contestants, by formal pleadings. The issue was tacitly formed between· them, each denying the claims of the others. The claim of each was open to all the objections of law and fact that every other could bring against it without need of formally pleading such objections."

■ The several cases cited in the opinion and others examined do not hold that payment does not have to be specially pleaded. The rule supported, is, that in a contest of this kind, as well as where parties have opposed the account of an administrator, curator, executor or syndic, the opposition is looked on as an answer putting at issue the claims asserted in the account or concursus, by all parties thereto.

New facts alleged in an answer are supposed to be denied by the plaintiff, and neither replication nor rejoinder is admitted. Code of Practice, art. 329.

The Civil Code, article 2232, provides that he who pleads payment or exoneration must prove the fact on which he pleads.

■ In this case we pretermit action on the objection and hold that the burden to show payment or exoneration is on the party pleading it, and taking no account of the objection, and giving such effect to the testimony as we think' it should receive, had no objection been made, the plea of payment or exoneration urged by Temple & Blackwell is not established. The testimony of C.·E. Blackwell, manager for Temple & Blackwell, and also for the business of Isaac F. Temple, is unsatisfactory.

■ The judgment of the lower court recognizing Isaac F. Temple as the creditor of Temple & Blackwell to the amount of $320 with privilege on the fund in question is correct, but as I. F. Temple was surety for Temple & Blackwell in their contract with Forgy Hanson & McCorkle, Inc., payment will be directed as hereinafter provided. The claim of Temple & Trotti for $260 was also properly recognized as a privileged claim against the same fund. The claim of Temple & Black-

well to the extent of $543.11 was also properly recognized with privilege against the fund.

The $944.10 is not sufficient to pay all these claims. I. F. Temple stood security for Temple & Blackwell with Forgy Hanson & McCorkle, Inc., for any indebtedness they might owe as subcontractors. The $320 due I. F. Temple is justly and equitably due him by Temple & Blackwell, subcontractors, and should not be charged to the fund in the registry of the court, as that is, in effect, taking it out of the funds of Forgy Hanson & McCorkle, Inc. Only the remainder of the $543.11 should come out of the fund, after the $320 due by them to I. F. Temple has been paid therefrom with the interest due thereon.

We find no other error in the judgment appealed from.

For these reasons the judgment appealed from will be corrected and amended so as to require the amount due I. F. Temple herein to be paid out of $543.11 due Temple & Blackwell, and that only the remainder of said $543.11 be paid to Temple & Blackwell out of said fund.

As thus amended and corrected, the judgment appealed from is affirmed; Temple & Blackwell to pay the costs in both courts.