REGAN, Judge.
Plaintiff, Samuel H. Buhler, instituted this suit against the defendants, John Villec and his liability insurer, Employers Liability Assurance Corporation, Ltd., endeavoring to recover the sum of $303.34, representing property damages, incurred as the result of the collision in the intersection of North Carrollton Avenue and Dumain Streets in the City of New Orleans, on April S, 1955, at 4:55 p. m.
Defendants answered and denied that Villec was guilty of any negligence but asserted that the sole cause of the accident was the fault of the plaintiff; in the alternative the defendants pleaded the contributory negligence of plaintiff.
From a judgment in favor of plaintiff and against defendants in the amount of $303.34, they have prosecuted this appeal.
In oral argument before this court defendants’ counsel stated that he had “verbally” filed or dictated into the record at the inception of the trial in the lower court the exception of res judicata, which had been erroneously overruled.
Plaintiff’s counsel concedes that the exception was discussed by both counsel and the trial judge and that the exception was probably overruled, even though no document reflecting this exception appears in *418 the record. However, we notice that the jacket enclosing the record reveals a notation thereon to the effect that the exception was both “submitted” and then “overruled.”
The record discloses that counsel for the defendant during the trial in the lower court offered “in evidence the entire record No. 344 — 677 of Division ‘E’ of the Civil District Court for the Parish of Orleans, in connection with the testimony and the exceptions previously filed.” Counsel for the plaintiff objected to this offer and the Court maintained this objection.
Defendant’s counsel has again, in writing, reurged the plea of res judicata in this Court.
Res judicata, being a peremptory exception founded on law, may be pleaded at any stage of the proceeding, even on appeal, prior to definitive judgment.[1] However, we are unable to pass upon the validity of this exception filed in this Court since the trial judge excluded the record of the proceedings upon which the plea was predicated.
It is our opinion that he erred in this respect and that the record of proceedings No. 344 — 677 of Division “E” of the Civil District Court for the Parish of Orleans should have been admitted into evidence in the trial court in order that the judge thereof would have an opportunity to pass upon the validity of this exception, and we believe that the matter should be remanded in conformity with the provisions of Article 906 of the Code of Practice [2] for this purpose.
For the reasons assigned the judgments appealed from, overruling the exception of res judicata and on the merits, are reversed, and it is now ordered, adjudged, and decreed that this matter be remanded to the lower court for further proceedings consistent with the views hereinabove expressed. The costs of this appeal are to be borne by plaintiff, and all other costs are to await the final determination of this case.
Reversed and remanded.
JANVIER, J., absent.

. See Lacy v. Employers Mutual Liability Ins. of Wis., 1957, 233 La. 712, 98 So.2d 162, footnote 3; Lewis v. Lewis, 1924, 155 La. 231, 99 So. 202; State v. Alexander, 1901, 106 La. 460, 31 So. 60; Carpenter v. Beatty, 1846, 12 Rob. 540; Williams v. Bethany, 1830, 1 La. 315.

. “Reversing and remanding case. — But if the court shall think it not possible to pronounee definitively on the cause, in the state in which it is, either because the parties have failed to adduce the necessary testimony, or because the inferior court refuse to receive, or otherwise, it may, according to circumstances, remand the cause to the lower court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law.”