FRUGÉ, Judge.
This is a mandamus suit wherein relator prays that alternative writs of mandamus issue herein directing the Honorable Paul Albert Broussard, Mayor of the Village of Scott, to perform the ministerial duties of his office by: signing a check for part payment of a certain trash truck purchased from the Farm Oil Truck and Tractor Co.; signing checks to pay for the services of Alexis Trahan, Clevance Nero and Ben-ford Domingue as trash collectors; signing all documents necessary to complete the sale of a police car; obtaining insurance on the above-mentioned trash truck; and terminating the services of Jerome Bergeron as trash collector. The respondent has answered the writ of mandamus. After trial on the merits, the district court rendered judgment in favor of respondent, rejecting relator’s demands. From this judgment, relator has appealed.
The facts and issues in this case are closely related to those in a companion suit decided this date, the decree in which is reported at State of Louisiana ex rel. Village of Scott v. Broussard, La.App., 153 So.2d 128. Therein relator, in addition to seeking the relief prayed for in the instant case, asked for an order directing Mayor Broussard to pay all bills and sign all checks authorized by the Board of Aldermen. The respondent filed an exception of res judi-cata, which the trial court sustained, dismissing relator’s suit. Relator has likewise appealed from this judgment.
The record discloses that the Board of Aldermen adopted a resolution on August 20, 1962, providing that the City Marshall’s car was to be sold. This resolution further provided that sealed bids were to be received for the car and that it was to be sold to the highest bidder. The Mayor vetoed this resolution and his veto was subsequently overridden by a two-thirds (2/3) vote of the Board of Aldermen. In September, the bids for the police car having been received, the Board of Aldermen adopted a resolution accepting the highest bid. This bid was in the amount of $415.00. This resolution was likewise vetoed by the Mayor, his veto being subsequently overridden by a two-thirds (2/3) vote of the Board of Aldermen.
The minutes of the Town Meeting additionally reflects that a resolution was adopted by the Board of Aldermen to purchase a trash truck from Farm Oil Truck and Tractor Company in the amount of $821.00, using the money received from the sale of the police car as part payment of the purchase price. Similarly, resolutions were adopted to terminate the services of Jerome Berg-eron as trash collector; obtain insurance on the new trash truck from Marintez Insurance Agency; and pay for the services of Alexis Trahan, Clevance Nero and Ben-ford Domingue. In each instance the reso *133 lutions were vetoed by the Mayor, his veto being subsequently overridden by a two-thirds (34) vote of the Board of Aldermen.
The record contains numerous remarks as to the propriety and feasibility of the above-mentioned resolutions. For the most part these remarks are reflected by statements contained in the minutes of the Town Meeting and a petition by the residents of the Village of Scott. The propriety of the resolutions, however, is beyond the scope of review of this court. Accordingly, in reaching a decision on this matter, we express no opinion as to whether or not these resolutions are beneficial to the Village of Scott; although, for the most part, this is the basis of respondent’s argument.
Concerning the legality of the resolutions as adopted by the Board of Aider-men, LSA-R.S. 33:404 provides that the mayor “may veto any law, by-law, or ordinance adopted;” but, “notwithstanding the exercise of the veto power, any law or ordinance may be adopted, if two-thirds of the aldermen vote thereafter in favor of its adoption.” The language of this statute is clear and unambiguous and was obviously drafted by the legislature to offer a solution to the very problem presented by the instant case. Since the resolutions that form the subject matter of this suit were adopted by a two-thirds (2/3) vote of the Board of Aldermen over the Mayor’s veto, we are of the opinion that under the positive provisions of LSA-R.S. 33:404 and the jurisprudence of this State, these resolutions were validly adopted and must be honored by the Mayor. Chapman v. Bordelon, 242 La. 637, 138 So.2d 1; State ex rel. Chapman v. Guidry, La.App., 41 So.2d 524.
It appears from the record that at the time these mandamus proceedings were instituted, there was pending in the Fifteenth Judicial District Court a suit entitled Begnaud v. Village of Scott, the record of which is attached to and made part of the record in the instant case. In this suit, part of the relief sought by Harvey Begnaud, Village Marshall, was the return and use of a police car. Respondent argues that since the-police car was the subject of pending litigation at the time the instant case was tried, the Mayor could not comply with the resolution to sell the car. We are of the opinion that this contention has no merit. The question presented to the court in the Begnaud case was the Marshall’s right to have the use of a police car not the particular police car which is at issue in this suit. Accordingly, it cannot be said that the car in the instant case was the subject of pending litigation.
Lastly, counsel for respondent urges on this appeal that he is entitled to attorney fees. An examination of the pleadings in the lower court clearly establishes that this relief was first urged on appeal. Accordingly, this question is not properly before this court. Therefore, respondent’s claim for attorney’s fees is denied.
For the reasons assigned, the judgment appealed from is reversed, and
IT IS THEREFORE ORDERED, ADJUDGED and DECREED that this matter be remanded to the District Court for the issuance by it of alternative writs of mandamus directing the said Mayor of the Village of Scott, Paul Albert Broussard, and commanding him in substance to sign checks to cover payments authorized to be made to Farm Oil Truck and Tractor Company; to sign all documents necessary to complete the sale of the police car in the amount of $415.00; to pay for the services of Alexis Trahan, Clevance Nero and Ben-ford Domingue; to obtain insurance on the new trash truck from Martinez Insurance Agency; and to terminate the services of Jerome Bergeron as trash collector.
The respondent is condemned to pay all costs of this appeal and of these proceedings.
Reversed.