CUTRER, Judge.
This is a suit for disability benefits under two health and accident insurance policies issued to plaintiff, Hubert Doucet, by defendant, Mutual of Omaha Insurance Company (hereinafter referred to as Mutual).
The issue presented on appeal is whether plaintiff is entitled to penalties and attor *1162 ney fees under the provisions of LSA-R.S. 22:657a.[1]
Plaintiff was injured on August 2, 1971, while working for defendant’s insured, Mercury Freight Lines. He was employed as a truck driver but also participated in loading and unloading cargo. While attempting to lift a roll of wire, plaintiff received a back injury. Plaintiff was referred to the company physician who then referred plaintiff to Dr. Thomas B. Flynn, a neurosurgeon. Dr. Flynn hospitalized plaintiff and on August 26,1971, excised a ruptured disc at the L-4-5 level. Dr. Flynn kept plaintiff under his care and felt that recovery was progressing in a normal way. Plaintiff continued to complain of pain. Dr. Flynn continued to see plaintiff intermittently and in April of 1972 referred him to Dr. Richard L. Bolton, an orthopedic surgeon, for evaluation. Dr. Bolton examined plaintiff on April 5, 1972, and was of the opinion that plaintiff was still suffering from residuals of the operation. He recommended physical therapy. Dr. Bolton performed a second examination on June 21,1972. He then felt that plaintiff could return to light work. Dr. Flynn saw plaintiff on June 30, 1972, and advised him that he could not explain plaintiff’s persistent complaints of pain. He offered to perform another myelogram but this was not accepted by plaintiff.
Plaintiff subsequently consulted with Dr. Emile Ventre, a general practitioner, on four occasions, August 21, 22, 28, and November 3, 1972. This physician felt the plaintiff had another disc problem. Dr. Ventre then referred plaintiff to Dr. L. Lazaro, an orthopedist, who examined plaintiff on August 31, 1972. This physician found that plaintiff’s complaints of pain could not be explained orthopedically and stated that plaintiff had “a normal orthopedic examination.” Based upon these developments, the defendants terminated plaintiff’s disability payments on August 14, 1972.
On January 31,1973, plaintiff, by referral of his attorney, was examined by Dr. David J. Rees, a psychiatrist. This physician concluded that plaintiff suffered a chronic depressive neurosis secondary to the back injury of 1971. He stated that plaintiff was incapacitated for employment because of this condition. Dr. Rees examined plaintiff again on October 31, 1974, with the same result.
On January 28, 1974, plaintiff’s counsel sent plaintiff to Dr. John D. Jackson, a neurosurgeon, for examination. This physician examined plaintiff and took X-rays. He examined the prior myelogram pictures taken by Dr. Flynn. He concluded that plaintiff was suffering from two problems. First, he diagnosed traumatic neuritis at the L-4-5 level. He explained that this was a nerve root problem that can result from the prior operation. He also diagnosed a possible disc problem at the L-5/S-l level. He recommended a discogram which he felt would prove the existence of the disc problem.
At this juncture in the medical chronology, this suit was filed February 22, 1974. There is no proof in the record that the defendant was informed or otherwise made aware of the opinions of either Dr. Rees or Dr. Jackson before suit was filed. A second psychiatrist, Dr. David B. Regan, examined plaintiff after suit was filed. He examined plaintiff in November, 1974. He found plaintiff suffering from depressive neurosis which was an emotional condition intimate *1163 ly associated with plaintiff’s injury of August, 1971. He stated that plaintiff’s prognosis was poor in that the emotional condition was fixed and plaintiff was in no condition to work. According to the record, defendant was first made aware of the examinations and diagnoses of Drs. Jackson, Rees, and Regan when their depositions were taken for trial purposes in May of 1975.
The trial judge rendered written reasons for judgment in favor of plaintiff awarding benefits under both policies issued by defendant. He found that plaintiff was totally disabled due to the plaintiff’s disc problem and traumatic neuritis and that plaintiff had a “secondary mental involvement.” The trial court denied penalties and attorney fees. On denial of a motion for a new trial, the trial court gave its reasons for denial of penalties and attorney fees as follows:
“Plaintiff now argues that if proof of disability develops after suit is filed the plaintiff is entitled to penalties and attorney fees. However, the Court had not been referred to cases so holding. [Emphasis by the court]
“Actually, the mere failure to pay does not of itself trigger penalties and attorney fees. There must be arbitrary, etc. refusal. In this case, the Court ruled that the failure to pay was not arbitrary and capricious, for, until suit was filed, evidence of disability was not presented to the defendant.”
Plaintiff appeals on the single issue of penalties and attorney fees contending that the trial court erred in its position that penalties and attorney fees could not be awarded since the medical evaluations of the two psychiatrists and Dr. Jackson were not made available to defendant until after suit was filed.
We agree with the plaintiff’s position and conclude that the trial court erred in its conclusion of law as to penalties and attorney fees. In the case of LaCalle v. Ashy Enterprises, 353 So.2d 439 (La.App. 3rd Cir. 1977), writ denied 355 So.2d 266 (La.1978), suit was filed on March 24, 1976 after defendant terminated disability payments in February 1976 based on attending physician reports. A psychiatrist examination and opinion of disability were not made known to the employer, defendant, until August 13,1976. This court held that “the employer was arbitrary and capricious in not resuming, and bringing up to date, payment of weekly benefits to plaintiff.”
In this case we conclude that the defendant was entitled to discontinue the disability payments as of August 14, 1972, based upon the reports of the several physicians stating that plaintiff could return to work. By May 25, 1975, however, the defendant had participated in the taking of depositions of Drs. Rees, Regan and Jackson, which apprised defendant of the continued disability of plaintiff due to the August 1971 accident. After the depositions were taken the defendant took no steps to gather further medical information. The defendant filed its answer on September 3,1976 without setting up any special defense of lack of coverage. When defendant was apprised of the medical developments in May of 1975, it was arbitrary and capricious in not resuming and bringing up to date payment of disability benefits to plaintiff. LaCalie, supra.
We find that defendant is liable for penalties and attorney fees under the provisions of LSA-R.S. 22:657. We have considered the approximate time spent by plaintiff’s counsel in the preparation, trial and appeal of this case, and conclude that attorney fees in the amount of $3,000.00 would be adequate.
Defendant filed, in this court, an exception of no cause or right of action on the ground that the policy contained a provision which excluded disability due to mental disease or disorder. This exception is without merit. The defendant did not appeal from that portion of the judgment which awarded disability payments. Thus the awards for disability are not before this court except in connection with penalties to be awarded.
The defendant also filed a motion to remand on the ground generally that the case should be reopened to take evidence of plaintiff’s present ability to. work. The mo *1164 tion is without merit. No appeal was filed by defendant.
For the above reasons, the portion of the trial court’s judgment denying penalties and attorney fees is reversed and set aside. It is hereby ordered, adjudged and decreed that the past due disability benefits awarded to the plaintiff under each of the two policies be doubled; that is, past due disability payments under Policy No. 87DS100 —723629-29M are set at $200 per month, and under Policy No. 97DL — 723571-29M, past due payments are set at $10.00 per day. Attorney fees are set at $3,000.00. In all other respects the judgment of the trial court is affirmed. Defendant is to pay all costs of this appeal.
REVERSED IN PART; AFFIRMED IN PART AND RENDERED.

. LSA-R.S. 22:657 provides in pertinent part:
“A. All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney’s fees to be determined by the court. . . . "