371 So.2d 1249 (1979)
Jason ZACHARY, Plaintiff-Appellee,
v.
BITUMINOUS CASUALTY CORP. et al., Defendants-Appellants.
No. 6968.
Court of Appeal of Louisiana, Third Circuit.
May 23, 1979.
*1250 Lewis & Lewis, John M. Shaw, Opelousas, for defendants-appellants.
Kramer & Laird, Bernard Kramer, Alexandria, for plaintiff-appellee.
Before WATSON, STOKER and DOUCET, JJ.
STOKER, Judge.
This is a suit to recover workmen's compensation benefits filed by the plaintiff-employee, Jason Zachary, against his employer, Fred J. Wyble Oil Field Contractor, Inc., and their compensation insurer, Bituminous Casualty Corporation, as the result of an accidental injury incurred while plaintiff was acting within the course and scope of his employment. The central issue presented on appeal is whether the trial court erred in granting plaintiff's motion to reopen, pursuant to LSA-R.S. 23:1331, and awarding plaintiff continuing disability of $95.00 per week, finding plaintiff totally and permanently disabled.
The plaintiff was injured on August 5, 1977, when he struck his right knee cap against a valve. On August 8, 1977, Mr. Zachary first went to see Dr. Frederick L. Mayer, an orthopaedic surgeon, to receive treatment for the injuries sustained in the accident. Dr. Mayer's initial diagnosis was that the claimant's knee had only been bruised, however, the patient subsequently developed an infection which required his hospitalization for nearly twenty days. Since this time, the plaintiff has been unable to return to work. Mr. Zachary has remained under Dr. Mayer's supervision continuously from August 8, 1977.
Workmen's compensation benefits were paid by the defendants to the plaintiff from the date of the accident through December 15, 1977, on which date Dr. William L. Meuleman, an orthopaedic surgeon, reported that the plaintiff was capable of returning to work. Subsequently, on February 21, 1978, Mr. Zachary brought a suit for workmen's compensation benefits. At the trial of this action, Dr. Meuleman testified on behalf of the defendants; Dr. Mayer testified that the plaintiff remained disabled, and the deposition of Dr. T. E. Banks, an orthopaedic surgeon who had examined Mr. Zachary, was introduced to further support plaintiff's claim. On May 16, 1978, the trial court rendered a judgment finding the plaintiff disabled and awarding him disability and reasonable medical expenses through August 25, 1978, granting defendants credit for amounts previously paid.
Mr. Zachary remained under the care of Dr. Mayer, and despite the fact that he received the recommended physical therapy, the claimant did not respond to this treatment, nor did his condition improve. Consequently, plaintiff filed this action to reopen the workmen's compensation proceedings in accordance with LSA-R.S. 23:1331 on August 7, 1978. Defendants opposed this motion and filed a peremptory exception of res judicata. After testimony was taken on the motion and the exception, the trial court overruled the exception of res judicata, granted plaintiff's motion to reopen and found Mr. Zachary to be totally and permanently disabled. Defendants now appeal.
Defendants contend that the plaintiff, in order to properly proceed under LSA-R.S. 23:1331, must show some change in his incapacity from the time of the original judgment. Defendants allege that the record fails to produce any evidence that plaintiff's condition has changed and therefore, the trial court improperly granted the claimant's motion to reopen.
LSA-R.S. 23:1331 provides:
A judgment of compensation may be modified by subsequent agreement between the parties, with the approval of a judge of the court which rendered the same.
At any time six months after the rendition of a judgment of compensation, a *1251 judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation. In such cases the provisions of R.S. 23:1121 through R.S. 23:1124 with reference to medical examinations shall apply. (Emphasis supplied)
The purpose of this statute in providing for the subsequent modification of a judgment of compensation was to allow either the injured employee or the employer to have the compensation adjusted to correspond to any change in the employee's disability which may have occurred after the award of such a judgment. Jefferson v. Laure N. Truck Line, 181 So. 821 (La.App.Orleans 1938), affirmed 192 La. 29, 187 So. 44 (1939); Evans v. Naihaus, 326 So.2d 601 (La.App. 4th Cir. 1976).
Although the statute provides for modification by either the employee or the employer, in practice this provision has been utilized almost exclusively by the employer to decrease or terminate workmen's compensation benefits where there was any evidence of a change in the employee's condition since the time of the original judgment.[1] One of the reasons that LSA-R.S. 23:1331 has proven to be an ineffective remedy for employees is that, until recently, the jurisprudence has restrictively interpreted the application of this provision. Thus, an employee generally had to wait six months from the date of the initial judgment before he could petition the court for a modification and in the event that the previous award had been fixed at a period of less than six months, it was held that the award could not be modified on the grounds of an increase or decrease in a claimant's incapacity.[2] Therefore, in cases where the employee's condition worsened, he was often prevented from modifying the prior compensation award to receive an increase in disability payments.
This result was alleviated by the Louisiana Supreme Court in the case of Landreneau v. Liberty Mutual Insurance Co., 309 So.2d 283 (La.1975). In Landreneau the court specifically overruled the prior jurisprudence on this point and held that:
There is nothing in [R.S. 23:1331], itself, . . . which prohibits a re-examination of a compensation judgment simply because it only awards benefits for six months or less after the judgment. The flexibility of the system is greatly restricted by applying the same rules of finality to compensation awards as to other civil judgments. Id. at 285.
Thus, the court decreed that where the compensation judgment awards recovery for a period of less than six months, the claimant may nevertheless petition the court to modify this award if the evidence indicates that his condition has changed from the time of the original judgment. In so ruling the court recognized that the Workmen's Compensation Act was to be construed liberally and contemplated that a compensation award can be modified by either party due to a change in disability or evidence of error or fraud in the original judgment.
Consequently, in the case currently before the court, merely because the trial judge awarded benefits of less than six months duration, the employee is not precluded from modification of this award. *1252 Nor does res judicata apply to the trial court's ruling and bar plaintiff's recovery because the Supreme Court in Landreneau specifically authorized such a modification and indicated that res judicata was not a valid defense in this situation. Under the plain wording of the statute, either party may seek relief if a change has occurred and six months have elapsed since the initial judgment.
Admittedly, six months had not yet run from the time of the original award in this case. However, it has been held that the district court has the discretionary power, in exceptional circumstances, to permit the reopening of an award earlier than the six month period. Wade v. Calcasieu Paper Company, 95 So.2d 725 (La.App. 1st Cir. 1957); Fontenot v. Myers, 93 So.2d 245 (La. App. 1st Cir. 1957). Where there is evidence to indicate that an employee's disability may change prior to the expiration of this period, such has been held to constitute those "exceptional circumstances" which justify an early reopening of the judgment. Wilturner v. Southern Bell Telephone & Tel. Co., 177 So.2d 605 (La.App. 3rd Cir. 1965). In this case at bar, if plaintiff had to wait until six months after the first judgment to reopen the proceedings, he would conceivably run the risk of losing several months of compensation in the process. Therefore, the trial judge clearly had the authority to reopen this case prior to the expiration of the six month period.
In order to modify the original judgment herein, the employee must establish that his condition has changed or that the initial award was obtained through fraud, error or misrepresentation. Johnson v. Calcasieu Sulphate Paper Co., 142 So. 861 (La. App. 1st Cir. 1932). At the hearing of this matter, the plaintiff testified that his condition had not improved as anticipated despite the fact that he was undergoing continuous treatment for his knee. (Hearing Rec. 5)[3] Mr. Zachary stated that his knee remained swollen and that as a result of this condition, he is unable to return to work as he had hoped. (Hearing Rec. 4) Dr. Mayer testified that the plaintiff had been under constant treatment for his injury but that the therapy had been unsuccessful. (Hearing Rec. 6, 7) According to Dr. Mayer, plaintiff's condition had remained unchanged and unless an operation was performed, the plaintiff would remain disabled. (Hearing Rec. 7, 9) Dr. Mayer admitted that his previous diagnosis appeared to be in error and that at the time of the first trial, the plaintiff apparently did have a tear in the cartilage of the knee. (Hearing Rec. 10, 11)
In consideration of this evidence, the trial court concluded that the plaintiff's condition had either changed between the first and second trials so as to increase disability both in its extent and duration, or that the ruling in the first proceeding was based upon erroneous medical conclusions. (Tr. 41) The record in this case amply supports the trial judge's determination. Although the plaintiff's physical condition may not have changed between trials, clearly the duration of his disability as originally envisioned by the medical experts and the court below has been altered. According to the previous medical testimony, the plaintiff should have recovered from his injuries by the end of August, 1978. However, the uncontradicted evidence introduced at the second trial indicates no signs of improvement. This increased duration is certainly one type of change in a claimant's condition addressed by LSA-R.S. 1331, and the trial judge was correct in granting plaintiff's motion to reopen under this statute and awarding total and permanent disability to Mr. Zachary.
Defendants, however, strenuously urge in this appeal that the literal restrictive wording of LSA-R.S. 23:1331 requires a finding that "the incapacity of the employee has been subsequently diminished or increased." (Emphasis supplied) The defendants' brief is largely devoted to showing that at the *1253 second hearing held upon a reopening of the case the evidence showed plaintiff's condition had not changed in any way. While recognizing that Dr. Mayer testified at the second trial that his diagnosis at the time of the first trial was wrong, defendants insist, nevertheless, that no worsening or increase in disability has been shown. Defendants seriously urge, that conceding that Dr. Mayer's testimony may represent the facts, all that has been shown is that plaintiff's condition was the same on the first hearing as at the second hearing except that it is permanent rather than temporary and recovery is not probable.[4] However, defendants contend that this is not an increase in disability; they contend that there was simply an error in diagnosis, and that being the case, the judgment at the first hearing should be res judicata. Thus, defendants contend LSA-R.S. 23:1331 is inapplicable to errors of medical diagnosis or evaluation which result in an incorrect medical prognosis. Defendants argue that because an expert changes his mind, a litigant should not be permitted to reopen a case even though it is a workmen's compensation case, for the reason that it would never be allowed in any other type of civil case.
Expressions in the Landreneau case and the general tenor of that opinion indicate that we are not required to give the restrictive and narrow construction to the statute for which the defendants contend. Moreover, we find in the statute itself justification for reconsideration of a workmen's compensation judgment based upon error. The review authorized by LSA-R.S. 23:1331 is stated to be based "on the grounds that incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation."
In the case before us there was admitted error, certainly honest error, but error nevertheless. We cannot conceive of the statute in question not permitting a reopening of the case to show medical error in the doctor's initial conclusion that plaintiff's condition was temporary rather than permanent although the condition may have remained unchanged in severity, quality or nature. Hence, even if we had not found an "increase" in plaintiff's disability, the case should have been reopened on the basis of this error.
Defendants, in their brief filed before this court, seem to speculate that the plaintiff's continued disability is due to the occurrence of some other injury which occurred after the first trial. However, absolutely no evidence of such an injury was produced in this case. In the absence of such proof, the presumption is that symptoms of the injury are related to the initial accident. Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 221 So.2d 816 (1968); Williams v. Liberty Mutual Ins. Co., 327 So.2d 462 (La.App. 3rd Cir. 1976).
Plaintiff-appellee has answered the appeal in this case to ask for penalties and attorney's fees. The answer to the appeal filed by plaintiff-appellee alleges that the trial court erred in failing to make these awards. If the error is directed at the judgment on the original hearing (signed May 23, 1978), we agree with the trial court's action denying penalties and attorney's fees. As a matter of fact, plaintiff-appellee's brief in this appeal admits there was just cause for refusing the award of penalties and attorney's fees at the first hearing. Assuming, however, that plaintiff-appellee could timely raise the issue as to the first judgment by answer to the appeal from the judgment resulting from the second hearing (signed October 11, 1978), we are of the opinion that the trial court's denial should be affirmed.
We believe, however, that the alleged error was directed at the second judgment. The thrust of plaintiff-appellee's brief and oral argument, relying on Doucet v. Mutual of Omaha Insurance Company, 365 So.2d 1161 (La.App. 3rd Cir. 1978), is that defendants-appellants failed to pay compensation *1254 beyond August 25, 1978 (the time fixed by the trial court in its first judgment) despite the medical report of Dr. Banks and the testimony of Dr. Mayer given at the second hearing after the case had been reopened.
Plaintiff-appellee filed his motion to reopen on August 7, 1978. Neither the allegations of the motion or the prayer of the motion mentioned a request for penalties and attorney's fees. Therefore, the question of penalties and attorney's fees were raised for the first time on appeal through the answer to the appeal. It was not raised in the second hearing before the trial court. In fact, there is no evidence in the record that the defendants-appellants did not pay compensation after August 25, 1978. The second hearing was held on September 8, 1978, without testimony to that effect being adduced. Under the circumstances the issue of penalties and attorney's fees are not before the court. Interstate Oil Pipe Line Co. v. Guilbeau, 217 La. 160, 46 So.2d 113 (1950); State, ex rel. Village of Scott v. Broussard, 153 So.2d 131 (La.App. 3rd Cir. 1963) and Lee v. Smith, 248 La. 16, 176 So.2d 413 (1965).
For the foregoing reasons, the judgment of the trial court is affirmed and all costs of this appeal are assessed against the defendants-appellants.
AFFIRMED.
NOTES
[1] Williams v. Martin Timber Co., 116 So.2d 323 (La.App. 2nd Cir. 1959); Johnson v. Cajun Enterprises, 293 So.2d 617 (La.App. 3rd Cir. 1974); Juneau v. Tulane Industrial Laundry, 358 So.2d 347 (La.App. 4th Cir. 1978).
[2] See: Lacy v. Employers Mutual Liability Ins. Co. of Wisconsin, 233 La. 712, 98 So.2d 162 (1957). In this case, the Louisiana Supreme Court had held that where the duration of the employee's incapacity had been fixed at a period of less than six months, the award could not be modified. The court held that LSA-R.S. 23:1331 required that a judgment of compensation be extant at the time an application for modification of that award was made. Where a claimant's disability had already expired as judicially determined, defendant's obligation under the award had been extinguished and there was nothing left to modify, therefore, R.S. 23:1331 did not apply in these situations.
[3] This reference is to the page number assigned by the Court Reporter who transcribed the trial testimony. This and other such references in this opinion are used because in preparation of the record the pages of the transcribed testimony in the record were not given page numbers.
[4] Dr. Mayer testified that with surgery total disability would last another four to six months. If the surgery should prove completely successful plaintiff would be assigned a 5% permanent partial residual impairment of the involved extremity.