McCALEB, Justice.
 

 This is a workmen’s compensation case which reaches us on certificate of the Court of Appeal for the Second Circuit requesting answers to three questions involving, in the main, the construction to be given to Section 20 of the Employers’ Liability Act (Act 20 of 1914) which presently appears in the Revised Statutes of 1950 as R.S. 23:1331.
 

 Plaintiff instituted the suit against his employer’s insurer in March of 1955, claiming compensation for 400 weeks for an alleged total and permanent disability resulting from an accident sustained while engaged in the performance of his employment. Following a trial, judgment was rendered on December 21, 1955 awarding plaintiff compensation at the rate of $27.30 per week for a period of 21 weeks beginning on June 10, 1954, the date of the accident, together with medical expenses and costs. The defendant insurer appealed from this judgment, which appeal was answered by plaintiff who prayed for the allowance of disability for a period not to exceed 400 weeks, together with the imposition of penalties and attorneys’ fees. The Court of Appeal affirmed the judgment of the district court (see 86 So.2d 605) and, after its finality, the judgment was satisfied by payment.
 

 In May of 1956, which was within 6 months of the rendition of the compensation judgment by the district court, plaintiff filed a new and separate suit for compensation claiming that his physical condition had worsened to such an extent that he was totally and permanently disabled. To this petition, defendant interposed a plea of prematurity which was sustained by the district court and the suit was dismissed. No appeal was taken by plaintiff from the order of dismissal.
 

 
 *715
 
 In June of 1956, more than six months after rendition of the judgment for compensation by the district court, plaintiff filed a petition in this, the original, suit praying for a reopening of the case and a reconsideration of the duration of his injury and his condition therefrom, which he alleged had become considerably worse. Defendant answered denying the material allegations of the petition and, after a trial, the judge dismissed the petition on the ground that, since the compensation judgment had been satisfied and extinguished by payment, he no longer had jurisdiction to entertain the application for a modification of the award. Plaintiff then appealed to the Court of Appeal and that court, as aforesaid, has certified three questions of law to us for answer. Rather than remand the case to the Court of Appeal, we think the ends of justice will best be served by exercising the privilege accorded us by Section 25 of Article 7 of the Constitution of considering and disposing of the case as though it had been appealed directly to this Court.
 
 [1]
 

 The trial judge gave written reasons for his refusal to reopen the case. He was of the opinion that, in order to bring the case within the purview of R.S. 23:1331, application for the modification of the compensation award must be made to the court that rendered the judgment after six months after its rendition and also at a time while the weekly compensation payments are being liquidated. He reasoned that, if the application is presented after the judgment has become inoperative by reason of payment in full of all installments in accordance with its term, there is nothing for the court to modify. In support of this holding, the judge cited and relied on three cases of the Court of Appeal, Second Circuit, viz.: Sweeney v. Black River Lumber Co., 4 La.App. 244; Faircloth v. Stearns-Roger Mfg. Co., 147 So. 368 and Lindsey v. Twin City Motor Co., 181 So. 598.
 
 [2]
 

 The Sweeney case, which was cited and followed in the Faircloth case, fully sustains the judge’s decision.
 
 [3]
 
 That
 
 *717
 
 matter involved an interpretation of Section 20 of the Employers’ Liability Act prior to its amendment by Act 85 of 1926, which changed the period of time from one year to six months after which a modification of a judgment of compensation may be sought by either party. There, the plaintiff, after having been paid all compensation due under a judgment awarding him compensation for 300 weeks for temporary total disability, sought to re-open the case and be awarded another 100 weeks compensation on the ground that his condition had become that of permanent total disability rather than temporary total disability. The Court of Appeal rejected the demand in an opinion by Judge Odom (subsequently a Justice of this Court) in which it was held that the provisions of Section 20 of the Compensation Law were inapplicable after the judgment for compensation had been extinguished by payment.
 

 We think that the conclusion, as well as the reasoning, in the Sweeney case is correct. The pertinent part of the amended Section 20 of the Employers’ Liability Act (R.S. 23:1331) reads as follows:
 

 “At any time six months after the rendition of a judgment of compensation, a judge,, of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation.”
 

 In the instant case, plaintiff does not claim that the judgment was obtained through error, fraud or misrepresentation; his application for a modification is based solely on the ground that his disability or incapacity has increased since the rendition of the judgment. But, in order for a modification to be obtained on that basis, it seems apparent from the statute that it envisions and necessarily requires that the judgment for compensation be extant at the time the application is made. If all installments due under the award have been paid, the judgment is discharged, the obligation extinguished and there is nothing to modify.
 

 Moreover, the statute provides that the trial court shall review its judgment on the application of either party for a modification “on the grounds that the
 
 incapacity
 
 of the employee has been
 
 subsequently
 
 diminished or increased * * * ”, (Words in italics ours.) This simply means that the incapacity decreed by the court, not necessarily that claimed by plaintiff, has subsequently diminished or increased. Thus, in the case at bar, plaintiff’s disability was
 
 *719
 
 fixed by the judge and affirmed on appeal to extend for a period of 21 weeks from the date of the accident and he was awarded weekly payments of compensation during that time. Although he contended that he was totally permanently disabled for 400 weeks, that issue was decided against him and the judgment for compensation for 21 weeks became res judicata as to the extent of his incapacity or disability. See Harris v. Southern Carbon Co., 189 La. 992, 181 So. 469. The only matter which is left open for modification under R.S. 23:1331 occurs in cases where the
 
 incapacity
 
 of plaintiff to work,
 
 as decreed by the court,
 
 has increased or diminished. But, in this instance, plaintiff was not incapacitated at the time he filed the application, it having been determined contradictorily by judgment that his disability would endure for only 21 weeks. And, since he was successful only in obtaining a judgment for compensation which extended for a period of less than six months from the rendition of the judgment, it is manifest that the provisions for modification of the judgment set forth in R.S. 23:1331 could apply neither to plaintiff nor to the defendant as it is well settled that, whereas an application for modification of a judgment for compensation may be entertained when it extends for a period exceeding six months from its rendition, it cannot be inquired into by the court at the instance of either party prior to that time.
 

 In Rogers v. Thermatomic Carbon Co., 157 La. 193, 102 So. 304, 305, plaintiff had obtained a judgment for compensation for a period not exceeding 400 weeks. Shortly after this judgment was rendered, the defendant filed a rule in the trial court to have the payments of compensation cease, alleging that plaintiff was no longer disabled at all. After trial, judgment was rendered reducing the compensation from $16.80 per week to $10 per week but the defendant appealed, insisting that compensation payments should be discontinued entirely. In the Court of Appeal, the plaintiff, citing Section 20 of the Compensation Act, pleaded that the court was without right to change the original judgment in any particular until after one year from the date of its rendition. This plea was sustained by the Court of Appeal, and on writ of review to this Court, the judgment of the appellate court was affirmed. In construing the meaning of Section 20 of the Compensation Act, this Court said that the purpose of the Legislature in fixing a period in which neither party could have the judgment modified “was to give reasonable repose and stability to judgments in compensation suits” and that, while “the Legislature found it necessary to make provision for the modification of judgments in such suits, it found it equally necessary, * *
 
 * to
 
 
 *721
 
 fix a period in which no modification could be made.”
 
 [4]
 

 In Harris v. Southern Carbon Co., supra, this Court was confronted with the question of whether an award of compensation for loss of a specific member precluded a modification of the judgment on the ground that the resultant disability from the accident had been increased. There, plaintiff had been awarded compensation for 125 weeks for the complete loss of use of his foot. After the six month period and while compensation was being paid to him, he petitioned the trial court for a modification of the judgment based on allegations that his incapacity and disability had subsequently increased. The argument of the employer was that, since the court had fixed exactly the extent of disability such as is given for the loss of a member, the provisions of Section 20 of the Compensation Act were inapplicable and that it was only where the award was for an indeterminate length of time, as in cases where compensation is given during the period of disability but not to exceed 400 weeks, that a modification of the judgment may be had. The Court rejected the employer’s contention holding that, while the original judgment was final insofar as it fixed the period of disability of the employee at the date of its rendition and was res judicata as to that time, it did not bar the assertion of a claim for modification by either party at any time after six months had elapsed on the ground that the incapacity of the employee had increased or decreased.
 

 From our interpretation of R.S. 23:1331, which we believe to be fortified by the above cited adjudications, the following conclusions seem inescapable (1) that the award of compensation in the first instance is a final judgment fixing the extent and duration of disability for the period stated therein subject, however, to modification, after six months have elapsed and compensation is still due, upon allegations by either plaintiff or defendant that the disability has increased or decreased; (2) that the award in the first instance is final for a period of six months thereafter and may not be reopened before the expiration of that time and (3) that, in cases where the judgment of the trial court fixes with definiteness the duration of the employee’s incapacity to work to be a period of less than six months from the date of its rendition, such a judgment is not within the purview of R.S. 23:1331 and may not be modified under allegations that the in
 
 *723
 
 capacity resulting from the accident has since increased or diminished.
 

 The judgment of the district court is affirmed.
 

 [1]
 

 . This procedure was adopted in Louisiana Wholesale Distributors Ass’n v. Rosenzweig, 214 La. 1, 36 So.2d 403 and Burton v. Lester, 227 La. 347, 79 So.2d 333.
 

 [2]
 

 . The Lindsey case is not applicable here. That decision, while recognizing the jurisprudence as established by the court in the Sweeney and Faircloth cases, remanded the matter there under consideration in the interest of justice for the hearing of additional evidence, finding that the condition of the record was such as to require additional proof regarding the accident and duration of the plaintiff’s disability.
 

 [3]
 

 . One of the questions submitted to us by the Court of Appeal is whether the judge had authority to take judicial notice of the finality of his prior judgment in the absence of the raising of such issue by defendant in its pleadings. We find no need to discuss this question since defendant has filed in this Court an exception of no right or cause of action and a plea of res judicata. These are peremptory exceptions which may be pleaded at any stage of the proceedings.
 

 [4]
 

 . Our decree in the Rogers case became final on December 1, 1924. Evidently, the Legislature of 1926 was of the view that the one year period during which a compensation award was not subject to modification was too long for, by Act 85 of 1926, it reduced the time to six months which has remained in the statute ever since.