309 So.2d 283 (1975)
Ray D. LANDRENEAU
v.
LIBERTY MUTUAL INSURANCE COMPANY.
No. 55103.
Supreme Court of Louisiana.
February 24, 1975.
Dissenting Opinion March 7, 1975.
Rehearing Denied March 31, 1975.
David Painter, Hunt, Godwin, Painter & Roddy, Lake Charles, for plaintiff-applicant.
Frederick L. Cappel, Raggio, Farrar, Cappel & Chozen, Lake Charles, for defendant-respondent.
DIXON, Justice.
We granted writs to consider whether, under R.S. 23:1331, a judgment awarding workmen's compensation benefits may be reopened after all benefits due under the judgment had been paid less than six months after the judgment was rendered. Plaintiff's rule to reopen was dismissed by the trial judge, who relied on Lacy v. Employers Mutual Liability Insurance Co. of Wisconsin, 233 La. 712, 98 So.2d 162 (1957). The Court of Appeal affirmed. 295 So.2d 459.
*284 Plaintiff was injured November 5, 1971. Defendant paid some compensation benefits, then terminated payments. Suit was filed August 2, 1972; the case was tried November 14, 1972; judgment was rendered November 16, 1972, but not signed until November 22, 1972.
The judgment awarded plaintiff $49.00 a week from November 17, 1971 until May 14, 1973, less a credit for $371.00 already paid. The award was fully paid. In his rule to reopen, filed November 14, 1973, plaintiff alleges he was paid nothing after May 14, 1973, although he was still disabled.
Plaintiff's award had been fully paid before six months elapsed from the date of the judgment. Defendant asserts that R.S. 23:1331, as interpreted by this court in Lacy v. Employers, supra, prevents reopening of the case. R.S. 23:1331 provides:
"A judgment of compensation may be modified by subsequent agreement between the parties, with the approval of a judge of the court which rendered the same.
"At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation. In such cases the provisions of R.S. 23:1121 through R.S. 23:1124 with reference to medical examinations shall apply."
In the Lacy case the plaintiff claimed total and permanent disability, but the trial court found that the disability had terminated before the suit had been filed. (Injury, June 10, 1954; suit filed March, 1955; judgment, December 21, 1955, awarding twenty-one weeks compensation from date of injury). The case was appealed, and the judgment was affirmed. With these facts before it, this court held that the judgment of December, 1955 was res judicata as to the duration of the disability, and could not be reopened.
McGee v. Augenstein Construction Co., La.App., 147 So.2d 889 (1962), followed the Lacy case. In the McGee case the plaintiff claimed permanent and total disability; the trial court found permanent and total disability; the Court of Appeal reversed, finding plaintiff's disability had ended before the suit had been filed. This was the judgment McGee attempted to reopen.
Jackson v. Allied Chemical Corp., La. App., 259 So.2d 664 (1972), affirmed a trial court finding that plaintiff's disability had ended before the trial, and held that R.S. 23:1331 was not applicable; since the obligation had been extinguished, there was nothing to modify.
Ryan v. W. S. Bellows Construction Corp., La.App., 151 So.2d 508 (1963), followed the dicta in the Lacy case, holding that, when the judgment of the trial court only awarded compensation for six months after the judgment, the case could not be reopened. Guillory v. Employers Mutual Liability Insurance Co., La.App., 121 So.2d 273 (1960), interpreted the Lacy case in the same way.
Although the result reached in the Lacy case was not incorrect, the expansive interpretation of R.S. 23:1331 found there tends to frustrate the object of the workmen's compensation statute. That act set up a court administered system to aid injured workmen by relatively informal and flexible proceedings. The statute was to be interpreted liberally in favor of the workmen. Judgments in compensation cases were treated differently from ordinary judgments. It was contemplated that a compensation award could be modified by either party, either because of change in disability or because of fraud in obtaining the judgment.
R.S. 23:1331 does not permit a re-examination of the judgment by the court within *285 six months after its rendition. There is nothing in the statute, itself, however, which prohibits a re-examination of a compensation judgment simply because it only awards benefits for six months or less after the judgment. The flexibility of the system is greatly restricted by applying the same rules of finality to compensation awards as to other civil judgments.
Professor Malone, in his Treatise on Workmen's Compensation, criticized the reasoning of the court in the Lacy case:
"... If, then, the original award was for a period of less than six months, and the judgment has been fully paid when the time comes when a modification is available, is the right to modification lost? There would seem to be little reason why it should be. The purpose of the statute is to insure that the employee will be paid compensation during the full period of his disability and that the employer will not be required to pay for any longer than this period of disability. The usual type of compensation judgment and the revisionary procedure provided by R.S. 23:1331 are both so designed as to insure this result. The discretion vested in the court to estimate the probable duration of disability and to fix an arbitrary number of weeks is given to the court for mere administrative convenience and to avoid undue hardship on the employer in cases where it is estimated that the period of disability will not exceed six months. It seems highly doubtful to this writer that it was ever intended to empower the court to so act in advance as to deprive the worker of his usual privilege of seeking a modification whenever his condition has changed. Yet this was the conclusion reached by the Supreme Court in Lacy v. Employers Mut. Liability Ins. Co. of Wisconsin recently. The court expressed the opinion that the statute envisions that the judgment for compensation must be extant at the time the application for modification is made. The court did not seem to be impressed by the fact that the entire compensation scheme instigated by the Legislature even more strongly envisions that compensation payments shall be made during the entire period of disability so long as the maximum period is not exceeded, and the statute contemplates that necessary adjustments should be made after judgment to that end. If a court-administered system is to fulfill successfully a function performed elsewhere through a compensation commission with a continuing supervisory jurisdiction, the statute must be so interpreted as to empower the court to carry out the purpose of this statute. The act should not be so interpreted as to defeat its obvious main purposecompensation so long as the worker is disabled, but no longer." (1964 Supplement, § 281, pp. 57, 58).
Defendant argues that the rule of the Lacy case is necessary to finality of claims, and that, without it, workmen will be able to relitigate claims of injury years after payment of benefits has ceased by claiming a change in the condition of disability. This contention is without merit. The compensation statute is a symmetrical whole, and employers are protected from stale claims by the section on prescription. R.S. 23:1209 provides:
"In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the *286 claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident." (Emphasis added).
Under the provisions of § 1209 plaintiff will be unable to seek modification of an award unless he has begun the proceedings within one year from the date of the last payment.
For these reasons, we hold that an injured workman is not prevented from reopening the case, "on the grounds that the incapacity of the employee has been subsequently... increased," merely because the judgment had awarded him benefits for six months or less following the date of judgment. Lacy v. Employers Mutual Liability Insurance Co. of Wisconsin, 233 La. 712, 98 So.2d 162 (1957), and the cases which have followed it are overruled, insofar as they conflict with views here expressed.
The judgment of the Court of Appeal is reversed, and this case is remanded to the district court for further proceedings consistent with the views expressed here. Taxing of costs is to await determination of the case on the merits.
SUMMERS, J., dissents and assigns reasons.
SUMMERS, Justice (dissenting).
Although conceding that the Workmen's Compensation Act (La.R.S. 23:1331) does not permit a re-examination of the judgment by a trial court within six months after its rendition, the Court holds that a plaintiff employee is not prevented from reopening the case, "on the grounds that the incapacity of the employee has been subsequently ... increased," merely because the judgment had awarded him benefits for six months or less following the date of judgment.
In arriving at this result the Court extends the period during which the injured employee may seek modification of an award to "one year from the date of last payment." To accomplish this result, the Court relies upon Section 1209 of the Act which clearly intended to set out the prescriptive period applicable to the filing of original petitions asserting claims for benefits (this Section does not apply to petitions for modification of judgments due to change in circumstances). By doing so the Court has effectively repealed the six-month provision of Section 1331. This in the face of the deliberate change of that time period from one year to six months by Section 20 of Act 85 of 1926, enacted shortly after the decision in Rogers v. Thermatomic Carbon Co., 157 La. 193, 102 So. 304 (1924). There this Court held that the purpose of the Legislature in fixing a period in which neither party could have the judgment modified "was to give reasonable repose and stability to judgments in compensation suits" and that, while "the Legislature found it necessary to make provision for the modification of judgments in such suits, it found it equally necessary... to fix a period in which no modification could be made."
In the instant case the judgment in question was final in all respects when the application to modify was made. There was then nothing to modify. Yet this Court has resurrected the judgment and approved a new procedure for its modification.
Aside from the fact that two decisions of this Court, and a number of Court of Appeal decisions, have been overruled, two fundamental and important legal principles have been violated by this decision: The Court has engaged in legislation, pure and simple; and it has failed to recognize the finality of a judgment in all respects final.
In my view this traumatic effect upon the law is not warranted for any reason, especially not to grant relief to the plaintiff in this case where adequate relief was available to him had he exercised his statutory right to appeal the original judgment of the trial court.
I respectfully dissent.