BARRY, Judge.
The issues are whether this claim comes under the 1983 workman’s compensation amendments and if the insuror was arbitrary in discontinuing benefits.
On May 26, 1983 while employed by Yal Dauterive & Son, Inc., Walter Jochum handled a 55 gal. drum and heard a snap in his back. One week later he reported the incident to his boss. Jochum continued to work and did not seek medical help because he had a fear of doctors stemming from a serious motorcycle accident in 1969. On July 19th, after attempting to change a tractor trailer tire, he left work and never returned.
On August 24, 1983 Dr. Elmorshidy performed surgery for a herniated disc. Dau-terive’s insuror, Sentry, paid $130.67 weekly benefits effective July 21, 1983 plus medical expenses.
Jochum did well post-operatively and cooperated with a vocational consultant. He was okayed for part-time light work by July 1984, but never returned to work. Sentry stopped benefits August 15, 1984 purportedly because full-time employment was available.
Jochum again experienced back pain and was re-admitted to the hospital September 12, 1984 and Sentry was notified. Another herniated disc was diagnosed and emergency surgery was scheduled for October 3rd. Dr. Elmorshidy contacted Sentry because it had scheduled a medical exam on October 8th. Dr. Elmorshidy thought it risky to move Jochum and encouraged Sentry to send its physician to the hospital prior to surgery. Jochum’s attorney also contacted Sentry, but its doctor did not examine Joc-hum. Sentry never reinstated benefits and refused to pay medical bills.
Jochum filed suit October 26, 1984. The trial court found him totally and permanently disabled, awarded $194.65 weekly benefits from May 27, 1983, $18,643.39 medical expenses, future medicals, penalties, attorney’s fees, and costs.
Sentry argues plaintiff failed to prove an accident occurred May 26, 1983, prematurity, prescription, and error in finding it arbitrary and capricious.
Sentry claims the first and only injury occurred because of the tire incident in July, 1983 and it paid benefits from July 21, 1983 until August 15, 1984. .The trial court noted Jochum’s and his mother’s testimony and the medical histories Jochum gave to the doctor and the hospital. The court concluded the primary injury occurred on May 26 and not July 23, 1983.
Jochum testified repeatedly that he hurt his back moving the drum or lifting heavy objects long before the tire incident in July. Dr. Elmorshidy testified that Jochum said on his first visit, July 26th, that he had been hurting and getting worse for three or four weeks and pain began after he lifted heavy objects at work. The doctor could not determine the duration of trauma and did not know the date of the injury. The employer’s injury report listed the date and cause of the injury as unknown.
We have no basis to disagree with the finding that Jochum’s injury occurred on May 26, 1983. '
*408 Prior to July 1, 1983 Joehum was only required to file a verified petition alleging he had not received benefits and his employer refused to pay. La.R.S. 23:1314. His petition was proper and not premature.
Joehum had one year from the termination of benefits on August 15, 1984 to file suit. La.R.S. 23:1209. His suit on October 26, 1984 was timely and dismissal of Sentry’s exception of prescription was proper.
Sentry stopped weekly payments August 15, 1984. La.R.S. 23:1201.2 provides for penalties and attorney’s fees for refusal to pay compensation benefits and medical expenses when the failure is arbitrary, capricious or without cause. Condall v. Avondale Shipyards, Inc., 436 So.2d 595 (La. App. 4th Cir.1983).
Sentry contends it was in good faith. Yet its argument relating to surprise at the lawsuit in October, 1984 for the May, 1983 injury does not explain its refusal to pay for the second operation in September, 1984 or its abrupt termination of payments in August, 1984.
Sentry claims that there was available employment within Jochum’s restrictions and he was not disabled. However, Dr. Elmorshidy testified he never released Joc-hum to full-time work status.
Importantly, Sentry was notified of the disc operation and failed to have Joehum examined before surgery. Dr. Elmorshidy gave the only expert testimony and said the second disc problem was more probably than not related to the first injury. He testified Joehum was totally disabled at the time of trial, but would gradually improve over a six or seven month period.
Sentry had no legal (medical) basis to stop benefits or refuse payment for the second operation and its actions were clearly arbitrary and capricious.
The judgment is affirmed.
AFFIRMED