628 So.2d 1204 (1993)
Roy TOWNSEND, Plaintiff-Appellant,
v.
PPG INDUSTRIES, INC., Defendant-Appellee.
No. 93-451.
Court of Appeal of Louisiana, Third Circuit.
December 8, 1993.
Louis D. Bufkin, Lake Charles, for Roy Townsend.
Jeanne Marie Sievert, Lake Charles, for PPG Industries, Inc.
Before LABORDE, COOKS and DECUIR, JJ.
LABORDE, Judge.
In this workers compensation matter, plaintiff Roy Townsend filed suit to modify a judgment awarding him permanent partial disability, alleging that his work-related injuries have degenerated to the point that he is now permanently and totally disabled. The trial court sustained defendant employer PPG Industries' peremptory exception based on prescription. We reverse.
To the extent they are known, the facts are not in dispute. Plaintiff filed suit July 6, 1992 seeking to have his permanent partial disability award changed to total disability benefits. Noting a Satisfaction of Judgment executed January 17, 1991, the trial judge sustained the exception of prescription. In his written reasons, the trial judge concluded that LSA-R.S. 23:1209 required plaintiff to *1205 file the present suit within one year of his receiving payment in full and sustained defendant's peremptory exception strictly on that basis. The sole question presented by plaintiff's appeal concerns the propriety of that ruling.
There are three prescriptive periods provided by LSA-R.S. 23:1209 applicable to workers' compensation claims. They are: (a) one year from the date of the accident, or (b) one year after the last payment of compensation, except in cases of partial disability, when the period is three years after the last payment of compensation, or (c) one year from the time the "injury develops" if the injury "does not result at the time of, or develop immediately after the accident", but in no event more than two years after the accident.
Fontenot v. South Central Bell Telephone Co., 422 So.2d 695, 696 (La.App. 3d Cir.1982) (footnote omitted).[1]
As authority for its conclusion that LSA-R.S. 23:1209 applies, the court cited Landreneau v. Liberty Mutual Insurance Company, 309 So.2d 283 (La.1975). LSA-R.S. 23:1209 would apply were we concerned here with a plaintiff initiating a claim more than one year after the last payment for his injury, Fontenot v. South Central Bell, supra, or more than one year after termination of certain benefits, Jochum v. Sentry Ins. Co., 480 So.2d 406 (La.App. 4th Cir.1985); however, neither it nor Landreneau's interpretation of the statute applies where a plaintiff only seeks to modify a judgment awarding benefits. While the case does contain dicta which viewed in isolation could lead one to conclude that all workers compensation beneficiaries must take action within one year of their last payment,[2] to the extent its pronouncements as to LSA-R.S. 23:1209 have not been implicitly overruled, Landreneau does not require the provision's application to such claims.
LSA-R.S. 23:1331, not LSA-R.S. 23:1209, governs claimants seeking to modify workers compensation awards. The arguments of defendant notwithstanding, Landreneau does not require that LSA-R.S. 23:1209 eclipse LSA-R.S. 23:1331's application to such efforts. To the contrary, by permitting LSA-R.S. 23:1331 to be used to modify claims of short duration (in addition to others), the Supreme Court's Landreneau pronouncement sought to broaden, not to narrow, its use. Previously, LSA-R.S. 23:1331 was thought to provide a procedure limited to reopening and reviewing only cases in which the disability could not be determined with definiteness to be of less than six months duration or where the disability apparently would continue for a relatively long period of time. Lacy v. Employers Mutual Liability Ins. Co. of Wis., 233 La. 712, 98 So.2d 162 (1957). See also this circuit's Landreneau decision, 295 So.2d 459, 462 (La.App. 3d Cir. 1974), reversed, supra.
Although the result reached in the Lacy case was not incorrect, the expansive interpretation of R.S. 23:1331 found there tends to frustrate the object of the workmen's compensation statute. That act set up a court administered system to aid injured workmen by relatively informal and flexible proceedings. The statute was to be interpreted liberally in favor of the workmen. Judgments in compensation cases *1206 were treated differently from ordinary judgments. It was contemplated that a compensation award could be modified by either party, either because of change in disability or because of fraud in obtaining the judgment.
Landreneau, 309 So.2d at 284-285 (La.1975). Clearly, with its pronouncement in Landreneau, the court merely sought to dispel the incorrect and unfair notion that a judgment awarding compensation for less than six months was not subject to modification under LSA-R.S. 23:1331. See Zachary v. Bituminous Cas. Corp., 371 So.2d 1249, 1251 (La. App. 3d Cir.1979); and Guillory v. Employers Mutual Liability Ins. Co., 121 So.2d 273, 274 (La.App. 1st Cir.1960).
There is nothing in [R.S. 23:1331], itself,... which prohibits a re-examination of a compensation judgment simply because it only awards benefits for six months or less after the judgment. The flexibility of the system is greatly restricted by applying the same rules of finality to compensation awards as to other civil judgments.
Landreneau, at 285.
Similarly, we find no language in LSA-R.S. 23:1331 prohibiting plaintiff from modifying his current award one year after its receipt. Plaintiff alleges that the condition of his disability has deteriorated to the point that he now is totally and permanently disabled.
In this regard, La.R.S. 23:1331 provides that a compensation judgment may at the request of either party be modified "at any time six months after its rendition" on the ground that the "incapacity of the employee has been subsequently diminished or increased or that the judgment was obtained through error, fraud or misrepresentation." This reopening provision fits within the entire compensation scheme which envisions that payments should be made during the entire period of disability so long as the maximum period is not exceeded, and contemplates that necessary adjustments should be made after judgment to that end. Thus, the employee is not permitted to relitigate his original condition but must show a change in his compensable condition, such as progression, deterioration, or aggravation of the condition, achievement of disabling character by a previously asymptomatic complaint, appearance of new and more serious features, or failure to recover within the time originally predicted. See Larson, Workmen's Compensation Law, § 81.31(a). To enable our court-administered system to fulfill successfully a function performed elsewhere through a compensation commission with a continuing supervisory jurisdiction, the statute empowers the court to carry out the purpose of the statute compensation so long as the worker is disabled, but no longer. Malone & Johnson, supra, § 284. Moreover, the court has authority to reopen and adjust an award for a loss of use or function as well as one for a partial or total disability, Harris v. Southern Carbon Co., 189 La. 992, 181 So. 469 (1938), and regardless of the size or duration of the award. Landreneau v. Liberty Mutual Ins. Co., 309 So.2d 283 (La.1975).
Bordelon v. Vulcan Materials Co., 472 So.2d 5, 10 (La.1985).
Therefore, confronted here not with a claimant who initiates his claim for permanent total disability anew but with one who seeks a change in status, the lower court erred in its application of LSA-R.S. 23:1209 instead of LSA-R.S. 23:1331, which enables either party to apply for modification (in this case, a change in status) any time the claimant's incapacity increases or decreases after rendition of judgment, Evans v. Naihaus, 326 So.2d 601, 605 (La.App. 4th Cir.1976) (per Lemmon) (permanent partial disability can be increased to total and permanent under LSA-R.S. 23:1331), provided six months has lapsed since judgment.
Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. La.C.C.P. art. 865. Teachers' Retirement System v. Louisiana State Employees' Retirement System, 456 So.2d 594 *1207 (La.1984); Haskins v. Clary, 346 So.2d 193 (La.1977); Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975). When it can reasonably do so, the court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence. Teachers' Retirement System v. Louisiana State Employees' Retirement System, supra; Henson v. St. Paul Fire and Marine Insurance Co., 363 So.2d 711 (La.1978).
Kuebler v. Martin, 578 So.2d 113, 114 (La. 1991).
The conclusion reached by the trial court would be justified had plaintiff not alleged a change in a disability which arose before the 1983 Amendments became effective, Turner v. Maryland Cas. Co., 518 So.2d 1011, 1015 (La.1988), and the same result could well prove warranted should the Satisfaction of Judgment be shown to evidence a compromise and settlement between the parties as to any and all claims arising from the work-related accident, in which event the judgment recognizing the compromise could only be attacked on grounds of fraud or misrepresentation. LSA-R.S. 23:1273; Smith v. Cajun Insulation, Inc., 392 So.2d 398, 401 (La.1980).
However, since the record does not clearly show that plaintiff seeks merely to relitigate his initial award, Disotell v. Wadsworth Golf Const. Co., 500 So.2d 371, 373 (La.1987); Bordelon, supra; and Britt v. Brocato, 170 So.2d 516 (La.App. 4th Cir.1965), we are compelled to assume that he does not and, for this reason, go only so far as to conclude that LSA-R.S. 1331 and not LSA-R.S. 23:1209 must be applied to determine the timeliness of any claim for modification in the absence of some contractual or legal bar not recognizable upon first impression.
Costs of this appeal assessed to defendant-appellee.
REVERSED AND REMANDED.
NOTES
[1] Over the years, LSA-R.S. 23:1209 has been amended several times. At the time of his accident, the provision permitted claimants to seek changes from partial disability awards like plaintiff's for three years following receipt of the last payment of benefits. The law has been changed since plaintiff's accident to provide a three year prescriptive period following the last compensation payment only for parties receiving SEB. In light of the provision's inapplicability to this proceeding, we need not consider whether the trial court erred in its interpretation of LSA-R.S. 23:1209 in those instances in which it is properly applied.
[2] Landreneau, at 286:

Under the provisions of § 1209 plaintiff will be unable to seek modification of an award unless he has begun the proceedings within one year from the date of the last payment.
The language of Landreneau relied upon by the trial court and again cited by defendant was offered by Justice Dixon only in response to concerns that parties would seek to extend benefits long after payments had ceased, not to change the nature of the benefits.