657 So.2d 191 (1995)
Hilliard J. MATTHEWS, Plaintiff-Appellant,
v.
FARLEY INDUSTRIES, Defendant-Appellee.
No. 95-49.
Court of Appeal of Louisiana, Third Circuit.
May 3, 1995.
*192 Cameron B. Simmons, Jeanerette, for Hilliard J. Matthews.
John Nickerson Chappuis, Lafayette, for Farley Industries.
Before KNOLL, COOKS, and PETERS, JJ.
PETERS, Judge.
This is a workers' compensation case. The plaintiff, Hilliard J. Matthews, was injured while in the course and scope of his employment with Jeanerette Mills, Inc.[1] The accident occurred on or about May 5, 1990, at the employer's plant in Jeanerette, Louisiana. Workers' compensation benefits were initially paid. However, benefits were terminated on June 21, 1991, and thereafter, Matthews filed a claim for compensation with the Office of Worker's Compensation. After a hearing on August 13, 1992, the hearing officer took the matter under advisement and ultimately rendered judgment on June 9, 1993, in favor of the employer. The plaintiff appealed, and in an opinion not designated for publication, the hearing officer's decision was affirmed by this court.
On June 20, 1994, Matthews filed a new claim with the Office of Worker's Compensation requesting a modification of the prior judgment because of an alleged deterioration in his condition since the previous trial. In response to this filing, the employer filed exceptions of res judicata and prescription. The exceptions were tried on October 6, 1994, and by written reasons dated November 1, 1994, the hearing officer granted the exception of res judicata. Judgment to this effect was signed on the same date. However, this judgment is silent as to disposition of the exception of prescription. The employee has now appealed this judgment.
Matthews' request for modification of the prior judgment is based on La.R.S. 23:1310.8(B) which provides:
B. Upon the application of any party in interest, on the ground of a change in conditions, the hearing officer may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Worker's Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.
In granting the exception of res judicata, the hearing officer concluded that Matthews was not entitled to further relief under this statute because the judgment of June 9, 1993, dismissed the claim for benefits "with *193 prejudice." The specific language of the judgment is as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment be rendered in favor of the defendant and against the claimant, with prejudice and at claimant's cost.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the claimant has failed to sustain the burden of proving by a preponderance of the evidence that he is disabled from performing his pre-injury duties or some other gainful occupation for wages or self-employment. Additionally, claimant has failed to show that he is entitled to any further benefits under the Act.

(Emphasis added).
The hearing officer concluded that because Matthews failed to appeal the dismissal "with prejudice" of his claim, he is precluded from asserting any further claim under La.R.S. 23:1310.8(B). We disagree.
In Jones v. Murphco of Florida, 93-540 (La.App. 3 Cir. 2/16/94); 640 So.2d 335, this court recognized a hearing officer's continuing jurisdiction to modify a prior ruling under La.R.S. 23:1310.8 and reversed a portion of the hearing officer's judgment dismissing an employee's claim with prejudice. We recognize that the plaintiff in Jones assigned as error the dismissal of her claim with prejudice, whereas Matthews did not. However, that failure on the part of Matthews is not dispositive of the case before this court.
Reference to the dismissal of an action with or without prejudice in the Code of Civil Procedure relates to dismissals prior to trial. La.Code Civ.P. art. 1673 provides in part that "[a] judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial" (emphasis added). It matters not what language was used by the hearing officer in the judgment of June 9, 1993. The judgment became final after all appellate rights were exhausted by the plaintiff. La.Code Civ.P. art. 2166-67. The legal effect of the ruling was the same as a dismissal with prejudice before trialthat is, it put to rest all issues before the hearing officer at that time.
As recognized in Jones, the hearing officer has continuing jurisdiction to modify a prior ruling pursuant to La.R.S. 23:1310.8. La. R.S. 23:1310.8(B) contemplates modification of a prior award based on change in conditions after judgment is rendered. Because the cause of action does not arise until the change in conditions occurs, it naturally follows that the cause of action does not exist at the time judgment is rendered.
The elements of res judicata are set forth in La.R.S. 13:4231 which provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
(Emphasis added).
Matthews' change in conditions is alleged to have manifested after June 9, 1993, and therefore that cause of action did not exist at the time of final judgment. Therefore, the exception of res judicata should have been rejected.
The defendant argues that the exception should nevertheless be maintained because La.R.S. 23:1310.8(B) provides for modification of an "award" and the plaintiff was awarded no benefits. Thus it is the defendant's position the statute provides no relief for the plaintiff.
*194 While recognizing that this argument is more properly addressed by an exception of no cause of action pursuant to La.Code Civ.P. art. 927(4), the record is before us and we will address the issue for judicial economy. Before the enactment of La.R.S. 23:1310.8 by the legislature in 1988, the question of modification of a prior judgment of compensation was governed by La.R.S. 23:1331(C) which then provided:
C. At any time after six months after rendition of a judgment of compensation by the district court or at any time after six months from the date of the acceptance by the parties of the recommendation of the director under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1.
(Emphasis added).
Our courts have held that under La.R.S. 23:1331(C), before its replacement by La.R.S. 23:1310.8, an employee could apply for modification of a prior determination even if there was no previous award of benefits. Disotell v. Wadsworth Golf Constr. Co. of S.W., 500 So.2d 371 (La.1987); Green v. Continental Ins. Co., 539 So.2d 1287 (La.App. 3 Cir.1989).
Jeanerette Mills, Inc., argues that the enactment of La.R.S. 23:1310.8(B) changed this interpretation of the modification provisions in that the hearing officer can only review an "award" previously rendered. We find no meaningful distinction between the use of the phrases "judgment of compensation" or "recommendation of the director" in La.R.S. 23:1331(C) and the use of "award" in La.R.S. 23:1310.8(B). In fact, the supreme court in Disotell referred to the recommendation of the director denying benefits as an award.
We can easily envision a situation in which the employee would not have a cause of action to seek modification of an award under La.R.S. 23:1310.8. For example, it is clear that one who has been denied benefits because he has failed to prove a compensable accident could not use La.R.S. 23:1310.8(B) to modify a judgment in favor of the employer. However, in the case at hand, there is no dispute that Matthews received a compensable injury and was disabled for a period of time. To suggest that he cannot raise a claim for change of conditions simply because there was a time in which he had temporarily recovered would defeat the intent of the workers' compensation system which was set up to aid injured workers by the use of informal and flexible proceedings. The jurisprudence held that La.R.S. 23:1331 was to be interpreted liberally in favor of the employee. Townsend v. PPG Indus., Inc., 628 So.2d 1204 (La.App. 3 Cir.1993), writ denied, 94-0052 (La. 3/18/94), 634 So.2d 852 [quoting Landreneau v. Liberty Mutual Ins. Co., 309 So.2d 283, 284 (La.1975)]. It follows that La.R.S. 23:1310.8(B) should be interpreted in the same manner.
The judgment is silent as to the issue of prescription. Generally, where a judgment is silent concerning any demand which was an issue under the pleadings, such silence constitutes an absolute rejection of such demand. Smith v. Hughes Wood Products, Inc., 544 So.2d 687 (La.App. 3 Cir.1989). The defendant did not appeal this denial. Therefore, we do not address the issue.

DISPOSITION
The judgment of the hearing officer sustaining the exception of res judicata is reversed and the matter is remanded for further proceedings. All costs of this appeal are assessed against the employer, Jeanerette Mills, Inc.
REVERSED AND REMANDED.
NOTES
[1] There exists some confusion as to the employer's correct identity. The first claim filed after the accident identified the employer as "Jeanerette Mills," and this identification was maintained through the appellate process. However, when he filed the current claim, the plaintiff identified his employer as "Farley Industries." The employer's pleadings suggest that the proper designation is "Jeanerette Mills, Inc."