677 So.2d 162 (1996)
Morlin MONTGOMERY, Plaintiff-Appellant,
v.
LAFAYETTE PARISH SCHOOL BOARD, Defendant-Appellee.
No. 95-1613.
Court of Appeal of Louisiana, Third Circuit.
July 3, 1996.
Charles E. Soileau, Rayne, for Morlin Montgomery.
L. Lane Roy, Angelique Moreau, Lafayette, for Lafayette Parish School Board.
Before KNOLL, SAUNDERS, WOODARD, DECUIR and PETERS, JJ.
*163 PETERS, Judge.
This is a worker's compensation case in which the plaintiff, Morlin Montgomery, claims to have sustained a compensable injury in April of 1988 while working for the defendant, Lafayette Parish School Board. The Office of Worker's Compensation Administration Hearing Officer maintained a peremptory exception of prescription filed by the employer, and Ms. Montgomery has appealed the dismissal of her claim.

DISCUSSION OF THE RECORD
In 1988 Morlin Montgomery was employed by the Lafayette Parish School Board (School Board) at the Youngsville Elementary School. She claims that she sustained an injury on April 18, 1988, while in the course and scope of her employment with the School Board. Worker's compensation benefits were paid by the School Board until early March of 1990. On May 21, 1990, Ms. Montgomery filed a claim with the Office of Worker's Compensation Administration, seeking reinstatement of benefits as well as penalties and attorney fees. The right to benefits was disputed by the School Board, and trial was held before Hearing Officer Carolyn Perry on February 28, 1991. The hearing officer rendered judgment awarding Ms. Montgomery weekly compensation benefits from March 2, 1990 until February 28, 1991, as well as penalties and attorney fees. The hearing officer also ordered that Ms. Montgomery be seen by Dr. John Clifford, an orthopedic surgeon, and that she submit to any noninvasive diagnostic tests he might order. Costs of Dr. Clifford's examination and diagnostic testing were to be borne by the School Board. The hearing officer signed a judgment to this effect on March 13, 1991.
Apparently, Ms. Montgomery saw Dr. Clifford on August 12, 1992. On or about April 30, 1993, Ms. Montgomery filed a Motion to Fix for Trial in which she alleged that the evaluation ordered by the March 13, 1991 judgment had been completed, that she was still disabled and unable to return to work, and that the School Board had failed to resume payment of benefits after February 28, 1991. Another hearing officer, Sheral C. Kellar, assumed responsibility over the case. In response to Ms. Montgomery's motion, Hearing Officer Kellar forwarded a letter dated September 3, 1993, to Ms. Montgomery's attorney, which stated in part:
This will acknowledge receipt on May 4, 1993, of your Motion To Fix For Trial in the above-captioned matter. I apologize for the delay in responding. However, after the March 13, 1991, judgment became final this file was sent to the main office in Baton Rouge for closure. After retrieving and reviewing the file and considering the May 19, 1993, letter from [defendant's attorney] addressed to you, I have determined that Section 1221(1)(d) of the Act requires that you file a new claim.
The May 19, 1993 letter referred to by the hearing officer was addressed to the hearing officer and not Ms. Montgomery's attorney. In that letter, the School Board took the position that Dr. Clifford's report provided nothing to indicate that Ms. Montgomery was still disabled and that there was nothing to set for trial. The letter further stated that if "[Ms. Montgomery's attorney] wants anything to be set for trial ... he should go ahead and make a new filing, designating what he believes the issues are... and allow us to respond to same."
In response to the instructions from the hearing officer, on July 15, 1994, Ms. Montgomery filed a new Disputed Claim for Compensation (Form LDOL-WC-1008) in which she identified the current dispute as the failure of the School Board "to follow up on court order of March 13, 1991" concerning the report of Dr. Clifford of August 12, 1992, and the correspondence with the Lafayette Office of Worker's Compensation Administration in Claim Number 90-02533. On November 7, 1994, Ms. Montgomery filed an amendment to her claim in which she alleged:
Morlin Montgomery has been disabled since prior and subsequent to March 13, 1991. She is still suffering the effects of her injury of on or about April 18, 1988. Morlin Montgomery needs surgery, as recommended by her treating physician, and defendant has refused to authorize same. Further, defendant has not paid worker's *164 compensation benefits due to Morlin Montgomery, in the amount of $176.30 per week, since February 28, 1991. Morlin Montgomery is entitled to such payments.
The School Board filed an exception of prescription. A hearing on the exception was held on June 9, 1995, and on October 10, 1995, Hearing Officer Kellar signed a judgment granting the exception. It is from this judgment that Ms. Montgomery appeals.

OPINION
The hearing officer relied on La.R.S. 23:1209 in concluding the claim had prescribed. That statute provides in part:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
(Footnote omitted).
Clearly, the initial claim filed on May 21, 1990, was timely. In that claim, Ms. Montgomery asserted that her disability was ongoing. The original hearing officer (Carolyn Perry) awarded benefits only to the date of trial, February 28, 1991. However, the original hearing officer did not reject Ms. Montgomery's claim of continuing disability. Instead, the hearing officer ordered that Ms. Montgomery be examined by Dr. Clifford at the School Board's expense.
Generally, where a judgment is silent on a demand which was at issue under the pleadings, such silence constitutes an absolute rejection of the demand. Smith v. Hughes Wood Prods., Inc., 544 So.2d 687 (La.App. 3 Cir.1989). In this case, the judgment was not silent as to the future benefits claim, and therefore, we do not find that the claim was rejected. The only plausible explanation for the order concerning the future medical examination and testing is that results from the examination and testing were to aid in a future ruling on the issue of the duration and extent of Ms. Montgomery's continuing disability, if any. Otherwise, the order for the examination and testing would have been superfluous.
We conclude that, in ordering the subsequent examination by Dr. Clifford, the hearing officer intended to leave the record open for additional evidence concerning Ms. Montgomery's continuing disability. Ms. Montgomery has urged that the case falls within the scope of La.R.S. 23:1209(D), concerning the five-year period for abandonment of claims, and we agree. That statute reads as follows:
When a petition for compensation has been initiated as provided in Section 1310.3, unless the claimant shall in good faith request a hearing and final determination thereon within five years from the date the petition is initiated, same shall be barred as the basis of any claim for compensation under the Worker's Compensation Act and shall be dismissed by the office for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder.
While we note that La.R.S. 23:1209(D) was not in effect at the time of the injury, it was in effect at the time Ms. Montgomery first filed her claim. Additionally, prior to the effective date of La.R.S. 23:1209(D), La.Code Civ.P. art. 561 provided for the same five-year period for abandonment.
Therefore, we conclude that the trial court erred in granting the School Board's exception of prescription. Additionally, although *165 the March 13, 1991 judgment seems to indicate that the hearing officer contemplated receiving only the results of Dr. Clifford's medical examination and any tests he ordered, the transcript of the February 28, 1991 hearing is not available. We acknowledge that the transcript may have contained oral reasons for judgment which would have clarified the situation, but since the transcript from the original hearing is not available and the hearing officer who heard the case in the first instance is no longer presiding over the case, we find that the parties are entitled to present evidence, in addition to Dr. Clifford's report, on the issue of entitlement to benefits after February 28, 1991.
Additionally, we note that La.R.S. 23:1310.8(A)(1) provides in part:
The power and jurisdiction of the hearing officer over each case shall be continuing and he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified....
Also, La.R.S. 23:1310.8(B) provides in part:
Upon the application of any party in interest, on the ground of a change in conditions, the hearing officer may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Worker's Compensation Act....
Thus, Ms. Montgomery's claim for continuing disability could be construed as a claim for modification of the previous judgment.
The current hearing officer found that La. R.S. 23:1310.8 did not preempt the provisions of La.R.S. 23:1209 regarding the timeliness of filing claims for payment. The hearing officer concluded that "[i]f a claim is not filed within one year of the date of the last payment, it is prescribed, notwithstanding the provisions of Section 1310.8." Prior to the enactment of La.R.S. 23:1310.8 by Acts 1988, No. 938, § 2, effective January 1, 1990, La. R.S. 23:1331 governed modifications of compensation judgments. Neither La.R.S. 23:1310.8 nor its predecessor, La.R.S. 23:1331, provides a prescriptive period for instituting a suit for modification. However, in Townsend v. PPG Indus., Inc., 628 So.2d 1204 (La.App. 3 Cir.1993), writ denied, 94-0052 (La. 3/18/94); 634 So.2d 852, this court held that La.R.S. 23:1209 would apply were the court concerned with the initiation of a claim more than one year after the last payment for his injury or more than one year after termination of certain benefits but that La.R.S. 23:1209 does not apply where a claimant only seeks to modify a judgment awarding benefits. In Townsend, the plaintiff filed suit to modify a judgment awarding him permanent partial disability benefits, alleging that his injuries had degenerated to the point that he was permanently and totally disabled. The trial court sustained the employer's exception of prescription, concluding that La.R.S. 23:1209 required the plaintiff to file the suit for modification within one year of his receiving payment in full. This court reversed. We stated, "LSA-R.S. 23:1331, not LSA-R.S. 23:1209, governs claimants seeking to modify workers compensation awards." Id. at 1205. Thus, whether we determine that Ms. Montgomery's claim is a continuation of the original trial or one for modification, La.R.S. 23:1209 does not defeat the claim on an exception of prescription.

DISPOSITION
For the foregoing reasons, we reverse the judgment which granted the School Board's exception of prescription and remand the case for further proceedings. We assess costs of this appeal to the School Board.
REVERSED AND REMANDED.
KNOLL, J., dissents with reasons.
DECUIR, J., dissents for the reasons assigned by KNOLL, J.
KNOLL, Judge, dissenting.
I find that the original judgment in this case, granted March 13, 1991, determined the merits of the case and is, therefore, a final judgment. See La.Code Civ.P. art. 1841. There is no provision in the judgment leaving the record open for a determination of continuing *166 disability at a later date. In my view, the judgment implicitly denied such payments, since as a general rule, where a judgment is silent with respect to any demand which was at issue in the case under the pleadings, such silence constitutes an absolute rejection of such demand. Sun Finance Company, Inc. v. Willie Jackson, 525 So.2d 532 (La.1988). The correct procedure in this case would have been to appeal the judgment, which plaintiff did not do. See Flugence v. St. Martinville Premium Seafood, 629 So.2d 493 (La.App. 3 Cir.1993). The majority's view opens a "Pandora's Box" of never ending litigation by failing to give credence to finality of judgments.
I do not deny that under La.R.S. 23:1310.8, the hearing officer has continuing jurisdiction over the case. La.R.S. 23:1310.8 authorizes the hearing officer to order physical examinations, and to change or modify her judgment upon a proper showing by the parties that a change in disability has occurred since the award was made. See Veal v. American Maintenance and Repair, 94-2164 (La.App 1 Cir. 6/23/95); 657 So.2d 732. Nevertheless, the claimant in the case sub judice is not asserting that because of a change in her condition, justice requires a modification of her previous award for continuing disability. She is asserting that the trial court only issued a partial judgment, leaving the issue of disability for a future date. This is not merely a semantic distinction, since the record reflects that the claimant's condition has not changed to justify a modification of the original judgment.
I do not agree with the finding of the majority that the only possible reason for ordering the medical examination was to keep the record open for a later determination of the issue of continuing compensation. As demonstrated by La.R.S. 23:1310.8, the hearing officer may order an IME for purposes of determining whether to modify an existing award because of a change in the medical condition of the claimant. Therefore, the hearing officer was not necessarily holding the record open for a later determination on the issue of continuing disability.
Allowing claimants to relitigate issues after the rendering of a final judgment opens a procedural "Pandora's Box," and is contrary to the provisions of the Code of Civil Procedure. This claimant had every opportunity to litigate the issue of continuing benefits at her trial, and she had every opportunity to appeal the judgment were it not satisfactory. I do not dispute the right of the claimant to seek a modification of the award based on a change in her disability. Nevertheless, I find that the issue of her disability at the time of the trial was amply litigated, and that the trial court denied continuing benefits in the original judgment.
Furthermore, I agree with the hearing officer that the plaintiff's claim for continuing disability payments has prescribed. The claimant delayed for almost two years after receiving her last benefit payment under the judgment. There was no payment made during this time to interrupt prescription. Payment of medical benefits does not interrupt prescription as to disability benefits. Bouillion v. Sam Broussard Trucking Co., 525 So.2d 628 (La.App. 3 Cir.1988). Under La.R.S. 23:1209, claimant's claim for continuing disability benefits prescribed on March 13, 1992, one year after the date of her last benefit payment.
Accordingly, I would affirm the hearing officer's disposition of this case. For these reasons, I respectfully dissent.