ItSAUNDERS, Judge,
dissenting.
The first assignment of error is that the workers’ compensation judge was manifestly erroneous in denying Claimant’s claim based on an exception of res judica-ta. La.R.S. 23:1310.8(B) states:
B. Upon the application of any party in interest, on the ground of a change in conditions, the hearing officer may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers’ Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.
(Emphasis added).
The workers’ compensation judge based her ruling on the holding in Matthews v. Farley Industries, Inc., 95-1387, 95-1796 (La.2/28/96); 668 So.2d 1144. In Matthews, the supreme court resolved a conflict between the First and Third Circuits. See Matthews v. Farley Indus., 95-49 (La. App. 3 Cir. 5/3/95); 657 So.2d 191 and Martin v. Texaco Inc., 94-2412 (La.App. 1 Cir. 5/5/95); 655 So.2d 549. The supreme court held that a workers’ compensation judgment is not subject to reconsideration Lor modification if there was no previous award. The supreme court in Matthews focused on the language of the statute which refers to “an award.”
The case sub judice is distinguishable from both Matthews and Martin where formal decrees denied both medical and indemnity benefits. However, in the case before us, the workers’ compensation judge’s September 4, 1997 judgment states:
Wherefore, it is ordered, adjudged and decreed that Plaintiffs suit, as captioned above, be and the same hereby dismissed with prejudice, and at his cost, reserving unto Plaintiff his right, if any to file a motion for modification of the said prior judgment under the terms of La.R.S. 23:1310.8(b).
(Emphasis added).
In Matthews, the supreme court emphasizes that La.R.S. 23:1310.8(B) requires a prior award. However, the supreme court *1100 and La.R.S. 23:1201 fail to define the term “award.” La.Civ.Code art. 11, in pertinent part, states that “[t]he words of a law must be given their general and prevailing meaning.” According to WebsteR’s ThiRD International Dictionary, 152 (3d ed.1993), an award is a “judgment, sentence, or final decision.” Similarly, Black’s Law Dictionary, 125 (5th ed.1979), defines an award as “the decision or determination rendered by arbitrators or commissioners, or other private or extrajudicial deciders upon a controversy submitted to them.... ” The general and prevailing meaning of the term “award” is a judgment and/or decision. However, in Matthews, the supreme court construed this term to include the giving of “something.” Thus, an award could be a judgment/decision giving indemnity benefits, medical benefits, or, as in this case, a reservation of rights. Considering the general and prevailing meaning of “award,” I would hold that the term “award” is inclusive of a reservation of rights.
Since a reservation of rights is an award, this case is clearly distinguishable from Matthews. In the instant case, Union does not dispute the fact that Claimant was injured during the course and scope of employment. Moreover, Claimant’s injury has 13required continual medical care from the date of the accident until the present. The workers’ compensation judge recognized these continuing medical needs and the possibility that Claimant’s condition could deteriorate. Thus, she awarded Claimant the right to modify the September 4 judgment. Therefore, I would hold that Claimant received an award and is entitled to a modification hearing. See La.R.S. 23:1310.8(B) and Matthews, 657 So.2d 191.
The supreme court, in Matthews, failed to set forth the policy behind the harsh and narrow interpretation of La.R.S. 23:1310.8(B). Presumably, the interpretation is to preclude subsequent suits on the same issue. Under the new res judicata statute, La.R.S. 13:4231, the second action is barred if it arises out of the same transaction or occurrence that was the subject matter of the litigation. However, La.R.S. 13:4232(3) states that a judgment does not bar another action by the plaintiff when the judgment reserved the right of the plaintiff to bring a separate action. Several workers’ compensation cases have exemplified this rule. Prudhomme v. Iberville Insulations, 93-778 (La.App. 3 Cir. 3/2/94); 633 So.2d 380; Howard v. Trebles, 95-0227 (La.App. 1 Cir. 2/23/96); 669 So.2d 605; writ denied, 96-0712 (La.5/3/96); 672 So.2d 690, Thibodeaux v. Aetna Cas. and Sur. Co., 454 So.2d 1141 (La.App. 1 Cir. 1984). For example, in Howard, 669 So.2d at 608, the First Circuit states:
We agree that a dismissal with prejudice has the effect of a final judgment of absolute dismissal after trial; however, we recognize that this general rule has an exception. When plaintiffs right to pursue other claims arising out of the same cause of action is reserved in the transaction or judgment, then the judgment is not final as to the reserved claims.
(Citations omitted; Emphasis added.)
This court recognizes the purpose of the res judicata doctrine. However, in the instant case, the issue of Claimant’s disability was not final. In the September 4, 1997 judgment, the workers’ compensation judge reserved to Claimant the right to Rmodify pursuant to La.R.S. 23:1310.8. Additionally, Claimant’s medical benefits were not terminated and Union was aware of Claimant’s continuing medical needs. The combination of these facts placed Union on notice that the issue of Claimant’s disability was not settled.
The majority does not reach the issue prescription. I would and would find that the workers’ compensation judge was manifestly erroneous in sustaining Union’s exception of prescription. Union asserts that even if Claimant had a right to modification and/or reconsideration, his claim has prescribed in accordance with La.R.S. 23:1209. This court has been consistent in *1101 holding that La.R.S. 23:1209 is not applicable if an employee files a claim to modify a previous judgment or if the workers’ compensation judge intended to leave the record open for additional evidence. Montgomery v. Lafayette Parish Sch. Bd., 95-1613 (La.App. 3 Cir. 7/3/96); 677 So.2d 162, writ denied, 96-2035 (La.11/8/96); 683 So.2d 274; Townsend v. PPG Indus. Inc., 628 So.2d 1204 (La.App. 3 Cir.1993), writ denied, 94-0052 (La.3/18/94); 634 So.2d 852.
In Townsend, the employee filed suit to modify a judgment awarding him permanent partial disability benefits, alleging he was totally disabled. Relying upon La. R.S. 23:1209, the workers’ compensation judge sustained the employer’s exception of prescription. This court reversed and stated:
Therefore, confronted here not with a claimant who initiates his claim for permanent total disability anew but with one who seeks a change in status, the lower court erred in its application of LSA-R.S. 23:1209 instead of LSA-R.S. 23:1331,[1] which enables either party to apply for modification (in this case, a change in status) any time the claimants incapacity increases or decreases after rendition of judgment.
Id. at 1206 (Citations omitted).
| ¡¡Considering Montgomery and Townsend, I feel that the workers’ compensation judge in the instant case erred because La.R.S. 23:1310.8, not La.R.S. 23:1209, governs Claimant’s modification. Thus, Claimant’s right to modify has not prescribed.
For the reasons set forth, I respectfully dissent. I would reverse the workers’ compensation judge’s judgment maintaining the exceptions of res judicata and prescription and would remand this case to determine the issue of disability.

. La.R.S. 23:1331 has been changed to La. os. 23:1310.8.